WILLIAM B. RICHARDS *vs.* CHARLES T. CHILD & another.

A creditor of the estate of a deceased person lived in a county other than that in which the debtor had lived and his will was proved and notice of the appointment of the executors was by order of court given by publication in a newspaper there published. *Held,* that the creditor was not relieved from the imputation of culpable neglect, within the meaning of St. 1861, c. 174, § 2, in omitting to bring an action against the executors within the time limited by the statute, by reason of his ignorance of their appointment.

BILL IN EQUITY by a creditor of the estate of John B. Fessenden, deceased, setting forth that Fessenden, late of West Roxbury in the county of Norfolk, died in June 1862; that his will was presented for probate in that county by the respondents, who were named as executors therein, and both of whom lived in Rhode Island; that the will was allowed, and letters testamentary were granted to the respondents; that they gave no notice to the creditors of Fessenden other than by publication

of the usual citation, by order of the judge of probate, in the Norfolk County Journal, a newspaper printed in Roxbury; that the complainant did not know of the petition of the respondents; that on the 16th of August 1862 the respondents were ordered by the judge of probate to give notice of their said appointment by advertisement three times in the Norfolk County Journal; that the complainant had no notice or knowledge of their appointment until December 1864; and that thereafter various negotiations were had with them, which were set forth in detail. The bill further alleged that the complainant had no knowledge that it was necessary or desirable that a suit should be brought upon his claim, or that his right to bring such suit was limited to two years; that the Norfolk County Journal had, so far as he knows, little circulation in the county of Suffolk where he lived, and he never sees a copy thereof; that he had been guilty of no neglect; and prayed for an order upon the executors to pay to him the amount of his claim.

The respondents filed a general demurrer, which was sustained; and the complainant appealed to the full court.

*J. G. King,* for the complainant.

*G. Putnam, Jr.,* for the respondents.

BY THE COURT. This case cannot be distinguished in any essential particular from those which have been recently decided by this court, involving the interpretation of St. 1861, *c.* 174, under the provisions of which this bill is brought. *Waltham Bank* v. *Wright,* 8 Allen, 121. *Jenney* v. *Wilcox,* 9 Allen, 245 *Wells* v. *Child,* 12 Allen, 333. It is suggested that the complainant had no actual notice of the appointment of executors, and that in this respect the case differs from those cited. But it is not alleged that he did not know of the death of his debtor or of the time when it took place. We cannot presume that he was ignorant of either fact. In the absence of any averment to the contrary, the fair inference is that the death became seasonably known to the plaintiff. *Marlett* v. *Jackman,* 3 Allen, 293. Certainly without such averment it does not appear that the failure to prosecute his claim within the time prescribed by law was not owing to the plaintiff's culpable neglect.

*Bill dismissed.*