SKIFF F. SYKES *vs.* GEORGE A. MEACHAM & another, admin- istrators.

A creditor cannot maintain a bill in equity under the St. of 1861, *c.* 174, § 2, against the administrators of his debtor, to recover a debt barred by the special statute of limitations, Gen. Sts. *c.* 97, § 5, on the ground that he is an alien residing in a foreign country, and never knew of the decease of the debtor or the appointment of the administrators until more than two years after the latter had given bond.

BILL IN EQUITY, filed July 29, 1869, under the St. of 1861, *c.* 174, § 2, against the administrators of the estate of George Meacham, of Cambridge, deceased. The bill alleged that the plaintiff was on February 17, 1863, and had since continued to be, a resident of Montreal, in Canada, and an alien, and had not resided in the United States since 1829; that, on said February 17, he authorized said Meacham to collect the money due to him on a mortgage, and Meacham collected the money and promised to keep it and pay the plaintiff interest thereon; that the plaintiff, not having any use for the money, left it in the hands of Meacham, relying on his promise, and believing that the money would be paid to himself whenever demanded; that Meacham died in June 1864, and, in the September following, the defendants were appointed administrators of his estate, and gave bonds in due form of law; but that the plaintiff did not know of the death of Meacham, or of the appointment of the defendants, till June 1, 1869.

The bill further alleged that the plaintiff was not chargeable with negligence in not bringing his suit within the two years limited by law; that more than two years before the filing of the bill he caused inquiries to be made concerning Meacham of John Osborn, a merchant in Boston, who knew Meacham, and was informed through Osborn that Meacham was a man of wealth, and that the plaintiff's claim was secure; that Osborn did not then know of the death of Meacham; that the defendants never informed the plaintiff of the death of Meacham nor of their appointment as administrators, though one of the defendants well knew of the plaintiff's claim; and that the plain-

tiff was out of the Commonwealth from February 1863 till July 1, 1869, when he came here and made his claim on the defend ants.

The defendants demurred, and the case was reserved on the bill and demurrer, by *Morton*, J., for the determination of the full court.

.*J. L. Stackpole*, for the defendants.

*C. G. Keyes*, for the plaintiff.

AMES, J. It seems to be impossible to sustain this bill without overruling the recent case of *Wells* v. *Child*, 12 Allen, 333. Indeed, that case was perhaps a somewhat stronger one for the plaintiff, as there was certainly some ground for the belief that the assurances and excuses offered by the executor from time to time had been the cause of the delay, which enabled him successfully to defend against a just debt by pleading the statute of limitations.

In the present case, no fraud has been practised upon the plaintiff, and he does not take the ground that he has been misled or thrown off his guard by any declarations of the defendant. The only ground on which he can rest his claim is, that he resided in the remote city of Montreal, and had not been informed of the debtor's decease. The facts upon which he rests his claim to relief, as detailed in the bill, can hardly be said to present anything more than a case of mere neglect and inattention. He failed to make any effective inquiry, and in that way remained in ignorance of a fact which was of course perfectly well known, and which no attempt was made to conceal. The formal notice required by law and directed by the probate court was given, in order to inform all parties interested of the appointment of the defendants as administrators, and although the plaintiff failed to receive actual notice, it is difficult to see why the statute of limitations should be set aside in his favor on that ground, or why any other creditor who failed to see the notification, or to have heard of the debtor's decease, might not on precisely the same ground claim exemption from the opera tion of that statute. The object of the statute was, to protect the estates of deceased persons, and insure their speedy settle-

ment, without embarrassment from creditors who slumber upon their rights and take no pains to inform themselves of facts as to which information is easily to be obtained. In the case cited, the court say that " they are not aware of any instance in which a party knowing, or having reasonable means of knowing, his rights, and the facts on which they depend, has been allowed in equity to avoid the bar of the statute, upon the ground of misrepresentation or mistake as to the proper remedy to enforce those rights, or the time within which such remedy must be pursued." In this case there is no misrepresentation, and the only mistake is the failure to know a fact about which he made no proper inquiry.

It is hardly necessary to consider the question whether the phrase "culpable neglect," as used in the statute, means anything more than "gross neglect," or failure to make "reasonable inquiry." It is sufficient that the plaintiff does not present a case in which "justice and equity," in any sense which a court of chancery can give to those words, require that judgment should be rendered in favor of this claim.

*Bill dismissed, with costs.*