MARCUS M. ESTABROOK *vs.* JOHN G. MOULTON, administrator.

Suffolk.     January 25, 1916. — March 4, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* For establishment of debt against estate barred by short statute of limitations. *Limitations, Statute of. Executor and Administrator. Words,* " Culpable neglect."

In a suit in equity under R. L. c. 141, § 10, against an administrator to establish a debt alleged to be due to the plaintiff which was barred under § 9 of that chapter because no suit for its collection had been commenced within two years from the time when the administrator gave his bond, it appeared that the debt was a balance due upon a promissory note given by the deceased to the plaintiff in January of a certain year payable in four months; that on the due date the deceased made a payment on account of the note and died two years later, that the defendant gave bond as administrator less than two months thereafter, that the plaintiff and the deceased had lived in that part of Boston formerly West Roxbury, that the plaintiff never saw nor heard from the deceased after the payment was made on account of the note and never made any attempt to find him until about two years and eight months after his death, when he wrote to the administrator, and that, for a period of from four to six months after the death of the defendant's intestate, the plaintiff was absent from the Commonwealth. *Held,* that a finding was warranted that the plaintiff had been guilty of "culpable neglect," which under the provisions of the statute was a bar to the suit.

CARROLL, J.     January 28, 1907, William H. Moulton made a promissory note, payable in four months to the plaintiff, for the sum of $321.70. On May 28, 1907, $100 was paid thereon. Wil-

liam H. Moulton died May 28, 1909, and on July 8, 1909, the defendant was appointed administrator of his estate and gave bond. Due notice of his appointment was given.

More than two years thereafter, March 22, 1912, this bill in equity was filed under R. L. c. 141, § 10.

The single justice * found the plaintiff was guilty of "culpable neglect" under R. L. c. 141, § 10, and ordered the bill dismissed.

If the failure of the plaintiff to collect from the estate of his debtor is to be fairly charged to his own carelessness, he was "blameworthy," and was therefore guilty of "culpable neglect," as explained by Hoar, J., in *Waltham Bank* v. *Wright*, 8 Allen, 121. The plaintiff was in no way deceived by the defendant, no misrepresentation was made to him and no deception was practiced on him. Although the plaintiff and the deceased lived in the same city,† the plaintiff did not see him after the time the payment of $100 was made, evidently heard nothing from him and made no attempt to find him, until January 31, 1912, which was about two years and eight months after his death, at which time the plaintiff wrote to the defendant. A few letters passed between them, when this bill in equity was brought. The plaintiff was absent from the Commonwealth from four to six months after the death of the defendant's intestate, and had no knowledge of the latter's death or of the appointment of an administrator until about two years and six months after the period of limitation had expired. These circumstances do not excuse him. He had the means of knowing his rights. All the facts necessary to aid him in securing them could have been discovered. He made no investigation or inquiry and cannot now, when he alone was at fault and has rested on his rights, invoke the aid of the court to assist him in collecting his debt, after the statute has become a bar. *Sykes* v. *Meacham*, 103 Mass. 285. *Marlett* v. *Jackman*, 3 Allen, 287. *Powow River National Bank* v. *Abbott*, 179 Mass. 336.

*Decree dismissing bill with costs affirmed.*

The case was submitted on briefs.

E. C. Jenney, for the plaintiff.

E. N. Lacey, for the defendant.

---

* *Hammond*, J.

† Both lived in that part of Boston formerly West Roxbury.