MARY M. LEACH *vs.* VALENTINA F. LEACH, administratrix.

Plymouth. January 20, 1921. — March 4, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Executor and Administrator. Limitations, Statute of. Equity Jurisdiction,* For establishment of debt barred by short statute of limitations. *Judgment. Words,* "Culpable neglect."

A judgment obtained in another State against the ancillary administrator, appointed there, of the estate of one who died domiciled in this Commonwealth, cannot be enforced against the administrator of the estate appointed here.

On August 26, 1912, an administrator of the estate of one who had died domiciled
in this Commonwealth was appointed by a Probate Court here.  On May 26,
1914, an ancillary administrator was appointed by an Orphans Court in Penn-
sylvania to take charge of assets there.  A creditor of the intestate, who was a
resident of New York, hearing that the assets in Massachusetts were much less,
and that those in Pennsylvania were much larger than his claim, on July 25.
1914, brought suit against the ancillary administrator in the District Court of
the United States for the Western District of Pennsylvania, recovered a judg-
ment on December 11, 1915, and collected a part thereof, being prevented from
collecting the remainder because he was not a Pennsylvania creditor.  On
January 14, 1916, the creditor brought a suit in equity in the Supreme Judicial
Court under R. L. c. 141, § 10, for the establishment of his claim.  *Held*, that,
assuming without deciding, that the claim was not barred under the doctrine
of merger, as a matter of law the plaintiff was "chargeable with culpable neglect
in not prosecuting his claim within the time . . . limited" by R. L. c. 141,
§ 9.

BILL IN EQUITY, under R. L. c. 141, § 10, filed in the Supreme
Judicial Court on August 20, 1917.

The suit was referred to a master.  Material findings of the
master are described in the opinion.  "On the facts found by the
master," *Carroll*, J., who heard the suit on the pleadings and the
master's report, was "of opinion that the creditor was not charge-
able with culpable negligence, and justice and equity require that
judgment should be entered for the petitioner in the sum of
$3,039.16 with interest from January 14, 1916;" and by his order
a final decree was entered accordingly.  The defendant appealed.

The case was submitted on briefs.

*J. T. Kirby, D. R. Coughlan & W. J. Coughlan,* for the defendant.

*H. L. Pratt & F. J. Geogan,* for the plaintiff.

RUGG, C. J.  The salient facts are that the defendant's intestate,
formerly of Pittsburgh in the State of Pennsylvania, removed his
domicil to this Commonwealth in 1910 and died here in 1912.
The defendant, his widow, was appointed administratrix of his
estate by the Probate Court of Plymouth County on August 26,
1912.  The plaintiff, a resident of the State of New York and a
creditor of the defendant's intestate, hearing in November, 1912,
of his death, immediately engaged counsel in Pittsburgh.  She
then learned that domiciliary administration had been taken out
upon his estate in Massachusetts, but that the estate here was
small and much less than her claim.  There is an allegation in the
bill admitted by the answer that the Massachusetts inventory
contained this item: "an interest in personal property in Pitts-

burgh and unsettled claims, the value of which was not stated."
She ascertained that there were or would be assets of his estate
in Pennsylvania much larger than her demand. The defendant
retained counsel in Pittsburgh. On May 26, 1914, the Common-
wealth Trust Company of Pittsburgh was appointed ancillary
administrator of the estate of the intestate in Pennsylvania. The
plaintiff on July 25, 1914, brought suit on her claim against the
ancillary administrator in the United States District Court for
the Western District of Pennsylvania and recovered judgment
on December 11, 1915, and has collected a substantial sum on it
through proceedings in the Orphans Court of Alleghany County
in Pennsylvania. Thereafter question was raised in that court
whether the ancillary administrator could lawfully pay the in-
debtedness of the plaintiff, a non-resident creditor, and whether
the estate in Pennsylvania after payment out of it of the Penn-
sylvania creditors ought not to be transmitted to the domiciliary
administratrix in Massachusetts. The Pennsylvania court, after
hearing, decided that these points were well taken, refused to
permit the ancillary administrator to pay more upon the plain-
tiff's judgment, and ordered the balance of the estate of the in-
testate, after satisfying Pennsylvania creditors, to be transmitted
to the defendant as domiciliary administratrix. The Massachu-
setts administratrix has thus received a sum larger than enough to
pay the balance due to the plaintiff. Seasonably thereafter the
plaintiff demanded payment of her claim from the defendant.
That demand, however, was made about four years and nine
months after the appointment of the defendant as administra-
trix. The present proceeding was instituted on August 20, 1917,
about five years after the defendant's appointment, and about
three years after the statute of limitations then in force, R. L. c.
141, § 9, had run in favor of the defendant.

This suit to enforce payment of the balance due on the judg-
ment obtained in Pennsylvania was brought under R. L. c. 141,
§ 10 (see G. L. c. 197, § 10). Its words are: "If the Supreme Judi-
cial Court, upon a bill in equity filed by a creditor whose claim
has not been prosecuted within the time limited by the preced-
ing section, is of opinion that justice and equity require it and
that such creditor is not chargeable with culpable neglect in not
prosecuting his claim within the time so limited, it may give him

judgment for the amount of his claim against the estate of the deceased person; but such judgment shall not affect any payment or distribution made before the filing of such bill."

Plainly the plaintiff cannot enforce in this jurisdiction by suit against the domiciliary administratrix the judgment obtained against the ancillary administrator in Pennsylvania. The parties are not the same. There is no privity between the present defendant and the ancillary administrator. A judgment of a sister State does not bar those who are neither parties nor privies to it when suit is brought on it in our courts. The doctrine of *res judicata* does not apply to such a judgment. *Low* v. *Bartlett,* 8 Allen, 259, 262. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 216. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566. Assuming in favor of the plaintiff, but without so deciding, that the plaintiff would not be barred under these circumstances from maintaining suit on her original debt under the doctrine of merger, see *Frost* v. *Thompson,* 219 Mass. 360, 367, 368, and that by amendment she might frame her bill accordingly, we consider the fundamental question whether the plaintiff as matter of law upon the facts hereinbefore recited comes within the scope of R. L. c. 141, § 10.

This section has been considered in numerous cases. In *Waltham Bank* v. *Wright,* 8 Allen, 121, occurs the statement that it was not "intended to furnish a remedy for a case where a creditor, knowing that his debt is due, and knowing the statute of limitations applicable to it, and that his debtor is deceased and administration taken on his estate, and no fraud or imposition being practised upon him, without accident or mistake, voluntarily permits the time limited by the statute to expire, without enforcing his claim by suit, and that such a case presents a case of 'culpable neglect.'" It was held that that conclusion was not altered by the fact that the creditor had relied upon an oral promise by the administrator that the debt should be paid out of a particular fund and expected that it would be so paid. In *Jenney* v. *Wilcox,* 9 Allen, 245, it was held that a plaintiff was not aided by ignorance of the statute of limitations applicable to his claim because every citizen is bound to know that at his peril. In *Low* v. *Bartlett,* 8 Allen, 259, the plaintiff, a resident of Vermont, had enforced his claim against an administrator in Vermont of the estate of his

debtor, who had deceased domiciled in Massachusetts, the defence there being conducted at the request of the Massachusetts executor and the litigation there being so prolonged that before its termination the estate in Massachusetts had been settled. There was not in Vermont estate enough to satisfy the plaintiff's claim and he invoked the statute for the collection of his claim here. In holding that the plaintiff could gain no relief, it was said at page 264, "The plaintiff might have prosecuted his original claim here, at the same time that he was prosecuting it in Vermont; so that he was under no necessity to wait till it was barred by our statute of limitations relating to suits against executors and administrators. There would, therefore, be no equity in setting aside the statute of limitations in his favor, even if we had power to do so. On the other hand, it would be very inequitable to permit him to prosecute his suit in another jurisdiction, where the executor could not defend against it, and then, after the estate in Massachusetts had been settled and the time of limitation had expired, revive the liability of the executor because of the foreign judgment thus obtained. Statutes of limitations bind courts of equity as well as courts of law; and in this case the executor not only has a right to its protection, but is bound to avail himself of it." In *Wells* v. *Child,* 12 Allen, 333, a non-resident creditor of a deceased debtor was misled by the promises of the executors to pay the claim as soon as they should sell certain real estate, and by their assurances that no further legal proceedings were necessary in relation to the claim. It was held that, even if the creditor was not "chargeable with culpable neglect," in not informing herself of the laws of this Commonwealth, under which her debtor's estate was to be administered and distributed, it cannot be said that 'justice and equity,' in any sense which a court of chancery can give to those words as applied to this subject, 'require' that judgment should be rendered in favor of this claim." This decision was followed in *Sykes* v. *Meacham,* 103 Mass. 285, where a creditor resident in Montreal, Canada, although ignorant of the decease of his debtor and the appointment of his administrator until more than two years thereafter, was held not to be entitled to relief under the statute. To the same general effect are *Bradford* v. *Forbes,* 9 Allen, 365, *Richards* v. *Child,* 98 Mass. 284, *Brooks* v. *Raynor,* 127 Mass. 268, *Powow*

*River National Bank* v. *Abbott*, 179 Mass. 336, *Estabrook* v. *Moulton*, 223 Mass. 359. See *Spelman* v. *Talbot*, 123 Mass. 489. The principle of these decisions bars the plaintiff from maintaining her suit.

The case at bar is distinguishable from the decisions on which the plaintiff relies. In *Morey* v. *American Loan & Trust Co.* 149 Mass. 253, the plaintiff had relied upon suit brought seasonably by another, ostensibly in the same class with himself, with his knowledge and consent in behalf of all similarly situated, it having turned out that that cause could not be maintained by the one who brought it for reasons of which the plaintiff could not be expected to know. In *Knight* v. *Cunningham*, 160 Mass. 580, by agreement of every party directly or indirectly interested, the plaintiff, for the advantage and at the request of the heirs of the deceased, had refrained from bringing suit seasonably. In *Ewing* v. *King*, 169 Mass. 97, the plaintiff had been misled by conduct of the representatives of his debtor tantamount to representations that his debtor had not died but was still alive. In *McMahon* v. *Miller*, 192 Mass. 241, the plaintiff yielded to the importunities of the executors of his debtor not to bring an action, in order that a sale of the real estate of the deceased might not be forced, and subsequently, before the short statute of limitations had run but without the knowledge of or notice to the plaintiff, real estate was sold from which more than enough to pay his claim was realized. In *Ryan* v. *Lyon*, 212 Mass. 416, only eight days intervened between the maturity of the plaintiff's claim and the end of the statute period of limitations during which a demand was necessary as prerequisite to suit, and it was held that the circumstances might be found to have excused the bringing of action within that brief period. In *Farrington* v. *Miller*, 225 Mass. 535, sickness and disability of the plaintiff and special relations of trust and confidence were found to exist.

In the case at bar no fraud was practised. No misrepresentations were made to the plaintiff. She has not been the victim of any deceit. No accident or mistake of fact is disclosed. No relations of trust or confidence existed between the plaintiff and the defendant or anybody representing the estate of the deceased debtor. The plaintiff and the defendant appear at all times to have acted upon the advice of independent counsel. Each has stood

her own ground in the open and has been governed throughout by considerations dictated by regard for her own interests. Neither has sought to take surreptitious advantage of the other. The plaintiff knew seasonably of the decease of her debtor and of domiciliary administration upon his estate. Seemingly she deliberately decided, having regard to what was supposed to be her own advantage, to forego action in this Commonwealth and to seek relief in that jurisdiction where the larger part of the estate of her debtor appeared to be, and has thus let the statute of limitations run against her claim in this Commonwealth.

The irresistible conclusion from the decisions heretofore reviewed as applied to the facts revealed upon this record, is that the plaintiff has been guilty of "culpable neglect" as these words are used in R. L. c. 141, § 10, and that "justice and equity" do not "require" the payment of the plaintiff's claim.

> *Decree reversed. Decree to be entered dismissing the plaintiff's bill.*