BENJAMIN N. JOHNSON & another *vs.* FREDERICK W. CLABBURN, administrator.

HARRY F. PHILLIPS & others *vs.* SAME.

Suffolk. March 4, 5, 1924. — May 22, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, & CARROLL, JJ.

*Equity Jurisdiction,* For establishment against an estate of a debt barred by a statute of limitations. *Executor and Administrator. Limitations, Statute of. Words,* " Culpable neglect."

A creditor of an estate of a deceased person cannot maintain a suit in equity, commenced under G. L. c. 197, § 10, more than one year after the filing of the bond of the administrator of the estate, where no fraud, misrepresentation or deceit appears to have been practiced on the plaintiff, no accident or mistake is shown, and there was no relation of trust or confidence between the parties, and the delay in prosecuting the claim appears to have been caused by the pendency of an action of tort by the administrator against the plaintiff to charge him as an executor *de son tort* with relation to personal property of the estate of which he had taken possession previous to the appointment of the administrator.

TWO BILLS IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on June 6, 1923, and afterwards amended, the plaintiffs in the first suit being trustees under the will of Maria L. Phillips, late of Swampscott, and the plaintiffs in the second suit being those who were defendants in an action at law by the defendant herein against them, which

is reported as *Clabburn* v. *Phillips*, 245 Mass. 47, these suits being against the administrator of the will of George S. Clabburn, who filed his bond as administrator on September 10, 1919, and thereafter duly gave notice of his appointment, for leave to establish the claims of the respective plaintiffs against that estate under the provisions of G. L. c. 197, § 10.

The defendant demurred for want of equity. The demurrers were heard by *Crosby*, J., by whose order there were entered interlocutory decrees sustaining the demurrers and final decrees dismissing the bills.

*H. S. Davis*, for the plaintiffs.

*C. H. Donahue*, for the defendant.

CARROLL, J. These are two appeals from final decrees, entered after interlocutory decrees sustaining demurrers to bills in equity. They were brought under G. L. c. 197, § 10, to establish claims against the estate of George S. Clabburn, who died intestate April 23, 1919. The bills in equity were filed June 6, 1923. The bill in each case alleges that the defendant was appointed administrator September 10, 1919; that the intestate had no property at the time of his death, other than $137 in cash, an automobile which was sold for $500, certain bowling alleys, and other articles of personal property; and that the defendant gave notice of his appointment within three months thereafter. In the suit of Phillips and others against the defendant, it is alleged that the articles remaining on the plaintiffs' and the trustees' premises were sold, and the sums received therefor applied on the claims of the plaintiffs and the trustees. In the suit of Johnson and another against the defendant, it is alleged that a certain sum was received and applied to the intestate's indebtedness. In each bill the allegation is made that the defendant as administrator brought an action against the plaintiffs Harry F., William E., and Edward W. Phillips for the conversion of the articles sold by them; that the plaintiffs believed the defendants in the action of tort had a good defence to the action; that the indebtedness of the estate to them exceeded the value of the articles; that in the action by the administrator for the conversion of the goods, a verdict for the sum of $5,138.25 was rendered for the ad-

ministrator; that the administrator had paid the sum of $369 in satisfaction of certain debts of the estate; that the estate had not been represented insolvent, and as no action was pending against the administrator, when these bills were filed, any sums received from the present plaintiffs would be distributed among the next of kin.

The plaintiffs filed their bills June 6, 1923, more than three years after the defendant had been appointed administrator and had filed his bond. He gave due notice of his appointment. The plaintiffs are barred from maintaining an action at law against the defendant under G. L. c. 197, § 9, which provides that " An executor or administrator, after having given due notice of his appointment, shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust."

The plaintiffs, however, seek relief under § 10 of the statute, on the ground that justice and equity require that their claims should be allowed; and that they are not chargeable with culpable neglect in not prosecuting their claims within the time limited. No fraud, misrepresentation or deceit was practised on the plaintiffs, they were not misled by the defendant, no accident or mistake is shown. There was no relation of trust and confidence between the parties. The plaintiffs and the defendant were standing upon what they considered to be their rights. It was decided to resist the action of the administrator and the plaintiffs took no action to secure their claims within the time required by the statute. In these circumstances the plaintiffs have been guilty of " culpable neglect," in the words of the statute, and justice and equity do not require the payment of their claims. *Leach* v. *Leach*, 238 Mass. 100. The statute was not intended to give a remedy when the neglect to bring an action was voluntary and intentional. *Waltham Bank* v. *Wright*, 8 Allen, 121. *Powow River National Bank* v. *Abbott*, 179 Mass. 336. *Estabrook* v. *Moulton*, 223 Mass. 359.

In *Farrington* v. *Miller*, 225 Mass. 535, the creditor was the mother of one of the executors; she relied on the assurance given her by the executors that they would attend to

the allowance of her claims without further action on her part. On the special findings in that case it was held that the creditor's claims should be established. In *Ryan* v. *Lyon*, 212 Mass. 416, the delay was largely attributable to the defendant. *McMahon* v. *Miller*, 192 Mass. 241, was decided in favor of the plaintiff on the ground that it was represented to the plaintiff that if a sale of the real estate was forced there might not be enough to pay the debts; and the plaintiff was urged not to bring suit. Subsequently the defendant sold some of the real estate under a license; the plaintiff was not informed of this sale and did not learn of it until the limitation had expired. None of these circumstances is present in the case at bar: the plaintiffs were not delayed or deceived by any promises of the defendant; there was no ignorance of the true facts. The construction placed upon the statute by this court must prevail. The case is governed by *Leach* v. *Leach, supra.*

The demurrers were sustained properly. In each case a decree is to be entered affirming the decree dismissing the plaintiff's bill, with costs.

*So ordered.*