FRANK E. HAVEN & others *vs.* DELIA F. SMITH & others.

Bristol.    October 28, 1924. — January 10, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Jurisdiction*, For establishment of debt barred by statute of limitations. *Executor and Administrator. Limitations, Statute of. Attorney at Law. Words,* "Culpable neglect."

In a suit in equity against executors of a will under G. L. c. 197, § 10, for the establishment against the estate of the testator of a debt barred by the short statute of limitations, the following facts appeared: An action upon the debt had been begun and entered in court over three months before the death of the testator and counsel then employed by the testator had arranged for the dissolution of an attachment by the giving

of a bond, counsel for the plaintiff accepting their personal assurances as to the financial responsibility of the sureties, and the defendant's counsel writing to the plaintiff's counsel that "they would be pleased to reciprocate." One of the sureties afterwards became one of the executors of the will, and a defendant in the present suit. After the death of the testator, counsel who had appeared for him in the action were discharged and the papers were turned over to new counsel, the appearance of the former counsel, however, not being withdrawn in the action and no appearance of the new counsel being entered and no notice of change of counsel being given to the plaintiff's counsel. The executors gave due notice of their appointment, filed the required affidavit of notice within three months of their appointment, and about a year after their appointment filed their final account, which showed full distribution of the estate. In the meantime, the action had been upon the court trial list several times. The plaintiff had no knowledge of the death of the testator until about one year and ten months after the original action was brought and two months before the bringing of the bill in equity, when, by reason of G. L. c. 197, § 9; c. 228, § 4, it was too late to summon in the executors. The executor who was a surety on the bond to dissolve attachment in the original action knew of the action when the executors filed their final account. *Held,* that a finding that the plaintiff had not shown himself entitled to maintain the suit was warranted.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Bristol on May 6, 1924, under G. L. c. 197, § 10, for leave to establish a claim against the estate of James F. Smith, late of New Bedford, barred by the statute of limitations.

The suit was heard by *Carroll,* J., who made the findings of fact described in the opinion, ordered the bill dismissed, and reported the suit to the full court for determination.

*F. W. Mansfield,* for the plaintiffs.

*J. E. Crowley,* for the defendants.

BRALEY, J. It is alleged in the bill and admitted by the answer that the plaintiffs, who are nonresidents, brought an action of contract against James F. Smith, domiciled in this Commonwealth, which was entered in the Superior Court for the county of Bristol on May 1, 1922. The single justice by whom the suit was heard finds, that they had an enforceable claim " for the sum of $5,600 . . . ." But, Smith having died in August, 1922, his will was duly admitted to probate the following September, when the defendants were appointed executors. Due notice of their appointment was

given, and an affidavit of notice was filed December 13, 1922. In September, 1923, the executors submitted their final account, and, without obtaining a decree of distribution, paid over the funds in their possession in accordance with the terms of the will. The action, however, was pending during these proceedings, and appeared on the trial list several times after Smith's death. It does not appear by whom the case was put on the list, or why the trial was postponed. The plaintiffs had no knowledge of the defendant's death until March, 1924. It was then too late to summon in the defendants. G. L. c. 197, § 9. G. L. c. 228, § 4. See Gen. Sts. c. 97, § 5. Pub. Sts. c. 136, § 9. R. L. c. 141, § 9. St. 1914, c. 699, § 3. *Wells* v. *Child,* 12 Allen, 330, 331. The only remedy was to bring the present suit under G. L. c. 197, § 10, which provides: "If the Supreme Judicial Court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by the preceding section, deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person; but such judgment shall not affect any payment or distribution before the filing of such bill."

The material facts found by the single justice on which the granting of relief must depend are stated in the record as follows: "The firm of Lowney and Harrington appeared for the defendant Smith, a bond to dissolve the attachment in the action was given by Smith with his brother Bernard Smith, one of his executors, as one of the sureties. The attachment was dissolved on the assurance of Lowney and Harrington that the sureties were sufficient and they wrote the plaintiffs' counsel 'they would be glad to reciprocate.' The firm of Lowney and Harrington were discharged by the executors from all connection with matters of James F. Smith; all the papers of James F. Smith in their possession after Smith's death by their direction were turned over to an attorney in New Bedford named Gerrett Geils. They did not withdraw their appearance nor did they notify the clerk, the plaintiffs, or the plaintiffs' counsel of the death of Smith.

Gerrett Geils did not enter his appearance in the case or give any notice.   Gerrett Geils shortly thereafter became sick and died before the expiration of the special statute of limitation and was succeeded by present counsel who had no knowledge of the pendency of suit until March 1924. . . .   Bernard Smith knew that the action was brought against the testator and while there was no direct evidence showing that he knew the action was pending when the testator died, I find as a matter of inference that he did know the action was pending at that time and when the account was filed.   The defendants practised no deceit or fraud on the plaintiffs, they did not mislead or deceive them, they did nothing, they simply remained silent, and by no word or action assured the plaintiffs that the testator was still alive or dead or that they would be paid."

The knowledge of Bernard P. Smith that the action at law had been brought against his testator, or the fact that the plaintiffs were nonresidents, is insufficient singly or combined to justify relief.   *Wells* v. *Child*, 12 Allen, 330.   *Sykes* v. *Meacham*, 103 Mass. 285.   It is distinctly found that no fraud was practised.   The defendants had given notice of their appointment as required by statute, and no further notice to creditors was necessary.   G. L. c. 195, §§ 1, 2; c. 197, §§ 2, 9.   And, having resorted to the courts of the debtor's domicil, the plaintiffs were bound to take cognizance of the law of procedure of the forum under which they were seeking judgment against him.   *Emery* v. *Burbank*, 163 Mass. 326, 327, and cases there cited.   While notice to the clerk by counsel for the testator of their retirement from the case as required by Common Law Rule 2 of the Superior Court, if it had been given, might have incited comment when the clerk notified the plaintiffs' counsel of the withdrawal, it would not necessarily have disclosed the testator's death.   The defendants furthermore are not in any way chargeable with the failure of counsel no longer acting for them to comply with the rule.

The words " culpable neglect " mean the neglect which arises from the creditor's own carelessness in not seasonably enforcing his claim.   *Waltham Bank* v. *Wright*, 8 Allen, 121,

122.   *Sykes* v. *Meacham*, 103 Mass. 285, 287, *Leach* v. *Leach*, 238 Mass. 100, 104, 105.   It is obvious that, although the case was on the trial list, the plaintiffs made no inquiries to ascertain facts which were easily obtainable, and which would have disclosed the death of the testator.   If this had been done there was ample time to suggest his death before the statute of limitations had run.   It is true it was not until March, 1924, that the plaintiffs knew of it, yet during the preceding seventeen months they seemingly remained inactive, and let the action drift.   They now urge that *Ewing* v. *King*, 169 Mass. 97, entitles them to relief. But in that case, as pointed out in *Leach* v. *Leach*, the plaintiff had been misled by the conduct of the representatives of his debtor which was tantamount to representations, that his debtor had not died but was still alive.

The ruling, " that the plaintiffs have not made out a case " was right, and a decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*