MARY NICHOLS, administratrix *de bonis non, vs.* ARTHUR
WALLACE POPE, administrator.

Suffolk.    November 17, 1933. — June 28, 1934.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Executor and Administrator. Limitations, Statute of. Equity Jurisdiction,*
To establish claim barred by short statute of limitations.    *Words,*
"Culpable neglect."

An administrator brought an action of tort for causing conscious suffer-
ing and the death of his intestate.    The defendant therein died in 1924
and an administrator of his estate was appointed in February, 1925.
Previous to 1926, the plaintiff administrator died and, the action com-
ing upon the trial list, the defendant's attorney *ex parte* represented
that fact to the court, without also stating that the original defendant
had died, and the action was marked "passed"; the defendant's
attorney then notified the attorney who had acted for the plaintiff
that the action had been marked "passed" without stating that the
defendant had died.    In March, 1926, a successor to the adminis-
trator who originally had brought the action was appointed.    In June,
1926, a suggestion of the death of the original defendant was filed,
the administrator of his estate appeared specially and moved that
the action be dismissed, and that motion was denied.    Subsequently,
the action was dismissed and in February, 1927, the administrator
*de bonis non,* who had succeeded the original plaintiff in the action,
filed a suit in equity, purporting to be brought under G. L. (Ter. Ed.)
c. 197, § 10, to have the claim adjudicated and to secure judgment
therefor.    No fraud on the part of the defendant or his attorneys
was averred.    On demurrer, the bill was dismissed.    The plaintiff
appealed.    *Held,* that
  (1) The averments of the bill were not sufficient to establish the
fact which was the essential prerequisite to maintenance of the suit,
namely, that the plaintiff was "not chargeable with culpable neglect
in not prosecuting his claim within the time . . . limited";
  (2) The demurrer properly was sustained.
It *was stated,* in the suit above described, that it was doubtful whether, an
action having been brought to enforce the claim, the plaintiff was en-
titled to bring the bill as upon a claim which had "not been prosecuted."
In general no obligation exists on the part of a debtor to remind his
creditor that the statute of limitations will bar his action if something
is not done to prevent its doing so.    Per RUGG, C.J.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on February 21, 1927, and afterwards
amended, seeking relief under G. L. (Ter. Ed.) c. 197, § 10.

The defendant demurred. The demurrer was heard by *Pierce*, J., and was sustained. A final decree dismissing the bill was entered by order of *Wait*, J. The plaintiff appealed.

*E. M. Shanley*, for the plaintiff.

*W. M. Brady*, for the defendant.

RUGG, C.J. This is a suit in equity brought by the administratrix *de bonis non* of the estate of Samuel G. Nichols. The defendant demurred to the plaintiff's bill. From an interlocutory decree sustaining the demurrer and from a final decree dismissing the bill the plaintiff appealed. The facts alleged in the bill in substance are these: The plaintiff's intestate was mortally injured on January 4, 1923, by falling through an opening in an elevator shaft in a building leased to the defendant's intestate by reason of the negligence of the defendant's intestate in failing to protect that opening by an automatic gate. The plaintiff's intestate after severe conscious suffering died on January 21, 1923. The defendant's intestate was at the time the holder of a policy of insurance protecting him against liability for damage from such injury and death. After the death of the plaintiff's intestate an action was seasonably brought to recover damages for his conscious suffering and death by the administrator of the plaintiff's intestate against the defendant's intestate in his lifetime. During the pendency of that action the defendant therein died on August 27, 1924, and the defendant was appointed administrator of his estate on February 24, 1925. There is no allegation that due notice of his appointment was not given. The defendant knew of the pendency of that action at the time of his appointment. In January, 1926, that action was on the list for trial. At that time the administrator of the estate of Samuel G. Nichols had died and no administrator *de bonis non* had been appointed. These facts were stated to the court by the attorneys for the defendant in that action and upon motion made *ex parte* the action was marked "passed." When that motion was made the attorneys knew of the death of their client, the defendant in that action, but did not inform the court of that fact. They were acting for the estate of the deceased defendant and for

his insurer. The attorneys then notified the attorney who had acted for the plaintiff in that action that the case had been marked "passed" because of the death of the plaintiff, a fact of which he was then ignorant, but making no statement touching the death of the defendant. Thereafter in March, 1926, the present plaintiff was appointed administratrix *de bonis non* of the estate of the plaintiff in that action. In June, 1926, suggestion of death of the defendant in that action was filed in court. The administrator of the defendant appearing specially filed a motion to dismiss that action, which was denied, but since the institution of the present suit that action has been dismissed.

It is plain that that action at law was barred upon the facts stated because of failure to cause the administrator of the defendant to appear and become a party to it within the time limited by statute. G. L. (Ter. Ed.) c. 228, §§ 4, 5. *Brotkin* v. *Feinberg,* 265 Mass. 295. *Everett Trust Co.* v. *Waltham Theatre Amusement Co.* 267 Mass. 350, 353. The cause of action therein described was barred against the defendant by the short statute of limitations. G. L. (Ter. Ed.) c. 197, § 9. The present suit is brought under G. L. (Ter. Ed.) c. 197, § 10. That section provides that if the Supreme Judicial Court upon a suit in equity "by a creditor whose claim has not been prosecuted within the time limited by the preceding section, deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited" it may give judgment for the amount of the claim.

It is doubtful if the facts here alleged bring the case within the scope of that section. There was no failure to bring an action at law on the cause of action herein set forth. Such action was brought against the defendant's intestate during his lifetime and was pending for more than one year after the appointment of the defendant as administrator of his estate. The plaintiff did not fail to bring an action under G. L. (Ter. Ed.) c. 197, § 9, but failed to prosecute a pending action until it was barred by G. L. (Ter. Ed.) c. 228, §§ 4, 5. Assuming in favor of the

plaintiff, but not so deciding, that this point is not decisive against her, she fails to set out grounds for relief under G. L. (Ter. Ed.) c. 197, § 10. No attempt has been made to give a comprehensive definition of the meaning of the words of § 10 already quoted which would be applicable to all cases. It was said in *Haven* v. *Smith*, 250 Mass. 546, 549, 550: "The words 'culpable neglect' mean the neglect which arises from the creditor's own carelessness in not seasonably enforcing his claim . . . . It is obvious that, although the case was on the trial list, the plaintiffs made no inquiries to ascertain facts which were easily obtainable, and which would have disclosed the death of the testator. If this had been done there was ample time to suggest his death before the statute of limitations had run." In that case it was held that ignorance of the death of the debtor where opportunity for inquiry existed is not sufficient to warrant relief. Other decisions are to the same effect. *Sykes* v. *Meacham*, 103 Mass. 285. *Estabrook* v. *Moulton*, 223 Mass. 359. No fraud nor misrepresentation on the part of the defendant is alleged. There was no relation of trust or confidence as to the cause of action between the opposing parties to the action at law. The plaintiff cannot rightly contend that anybody representing her interests was misled by the statements or conduct of the attorneys for the defendant. In general no obligation exists on the part of a debtor to remind his creditor that the statute of limitations will bar his action if something is not done to prevent. The case at bar is distinguishable from *McLearn* v. *Hill*, 276 Mass. 519, where the conduct of the defendant carried an implication amounting to an estoppel. Nothing of that nature is here alleged. It is not within the scope of *Ewing* v. *King*, 169 Mass. 97, where active defence through two courts was conducted to pending litigation in the name of a defendant who had died and it was held that there was no culpable neglect in assuming that such defendant was still living. The principles on which relief must be denied in suits of this nature have been expounded in numerous decisions. It would serve no useful purpose to repeat them. *Waltham Bank* v. *Wright*, 8 Allen, 121:

*Leach* v. *Leach*, 238 Mass. 100, where many cases are reviewed. *Johnson* v. *Clabburn*, 249 Mass. 216. *Thompson* v. *Owen*, 249 Mass. 229, 234.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*