FREDERICK S. DIETRICK, receiver, *vs.* GEORGE B. HAYWARD & another, executors.

Suffolk.    November 13, 1939. — December 29, 1939.

Present: DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Limitations, Statute of.    Equity Jurisdiction,* Suit to establish claim barred by short statute of limitations.  *Executor and Administrator.*

That a receiver of a national bank had used due diligence and was not chargeable with culpable neglect in not prosecuting a claim for an assessment against a shareholder within the time limited by G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4, was not shown by the averments of the bill in a suit seeking relief under § 10 setting forth as his only efforts to reach the stockholder the mailing of three letters during five months after the assessment to a hotel address which was in the bank records, all the letters being returned by the post office department with the notation that the addressee was unknown at that address, and an insufficient search by an investigator almost five years later which gained only information as to a person of the same name who was thought to have left the country, but not setting forth search of probate records which would have shown the death of the shareholder.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on June 9, 1939.

The suit was reserved and reported by *Lummus,* J., upon the bill and a demurrer.

*J. D. Sutherland,* for the defendants.

*B. K. Fisk,* for the plaintiff.

DOLAN, J.   This is a bill in equity, brought under the provisions of G. L. (Ter. Ed.) c. 197, § 10, in which the plaintiff seeks to obtain judgment against the estate of Nellie A. Gallagher, late of Boston, deceased.   The case came on to be heard upon the demurrer of the defendants by a single justice of this court, who, without making any decision thereon, reserved and reported the case for the full court.

Material allegations of the bill are as follows:  The plaintiff is the receiver of the Federal National Bank of Boston. At the time of her death the deceased was the owner of nineteen and seventeen twentieths shares of the bank, each share having a par value of $20.   The residence of the deceased on the records of the bank is set forth as "Hotel Vendome, Boston."   On or about May 9, 1932, the comptroller of the currency made an assessment upon the shareholders of the bank "ordering and directing them to pay the same on or before the 16th day of June, 1932, each in the amount of the par value of the stock of the bank held by him."   On or about May 9, 1932, the receiver duly wrote, addressed and mailed by registered mail a letter to Nellie A. Gallagher, Hotel Vendome, Boston, Massachusetts, containing due notice of the assessment upon said nineteen and seventeen twentieths shares.   No other means of notifying the deceased was known to the receiver.   The notice thus sent was returned by the post office department to the receiver on June 2, 1932, with the notation that the addressee was unknown at the place of address.   Similar notices were sent to the deceased at the same address on July 29, 1932, and on October 21, 1932, but each was returned.   The deceased lived in an apartment occupied by her at 65 Mount Vernon Street, in Boston, from 1923 until her death in February, 1938.   At some time prior to 1923 she had lived at the Hotel Vendome.

In the early part of 1937 an investigator, employed by the receiver, at the direction of the latter went to the Hotel Vendome and made inquiry whether "Nellie A. Gallagher was living there as a tenant."   A clerk at the desk to whom the investigator addressed his inquiry searched his registers

and found that there was no tenant by that name at that time. This clerk, however, did remember "a lady in the hotel's employ" by the name of Nellie A. Gallagher who worked there as a maid, and referred the investigator to the hotel laundry. He there spoke with the woman in charge, and she inquired of several of the "older help," who remembered a Nellie A. Gallagher who had worked "there a number of years back and who left the employ of the hotel and later resided in Roxbury. One of the help stated that Miss Gallagher had gone back to Ireland." The investigator ceased his search at "this point, believing that Miss Gallagher had left the country."

On or about May 9, 1939, a letter was delivered to the receiver from the defendant Hayward, stating that he had in his possession, as part of the estate of Nellie A. Gallagher, a certificate for three shares of the Federal National Bank of Boston of the par value of $100 each. A letter dated May 10, 1939, was mailed by the receiver to Hayward, informing him that according to the records of the bank the deceased at the time of her death was the owner of nineteen and seventeen twentieths shares of the stock of the bank of the par value of $20 each. The deceased had acquired three shares of the bank prior to 1923, which were later split up into fifteen shares, and the remaining four and seventeen twentieths shares represented stock dividends that had been declared by the bank. The certificates for the new shares had never been delivered to the deceased. The entire amount of the assessment together with interest remains due and unpaid.

The six-year statute of limitations within which to bring action to recover the assessment had not expired at the time of the death of the deceased in February, 1938. The petition for the allowance of her will was filed on February 14, 1938, and the defendants each gave bond in the amount of $300,000 on March 10, 1938. The inventory value of the personal estate is $264,486.42 and "there has been no distribution of the estate." The bill further recites: "Consequently, pursuant to " G. L. (Ter. Ed.) c. 260, § 10, and c. 197, § 9, "the time for filing suit expired March 10, 1939."

Under the provisions of G. L. (Ter. Ed.) c. 197, § 10, the granting of relief to a creditor of a deceased person who has not brought action against the executor or administrator within one year from the time of his giving bond as provided in § 9 is confined to cases where "the supreme judicial court . . . deems that justice and equity require it and . . . such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited."

In the instant case, after having had notice in June, July and October, 1932, that the deceased was not a resident of the Hotel Vendome, the receiver did nothing for almost five years thereafter to trace her whereabouts, and it is not made to appear by the allegations of the bill that, had inquiry been made at the Hotel Vendome in 1932, definite information could not then have been secured as to the place to which the deceased had removed. Even when the inquiry was made of the clerk at the hotel in 1937 it was not as to the residence of a Nellie A. Gallagher who had lived at the hotel sometime prior to 1923, but whether there was a person of that name then residing at the hotel. The allegations of the bill do not make it appear that a search of the register of the hotel as of the period of 1923 would not have disclosed the identity of the deceased and the place to which she had removed. The inference from the facts alleged is that upon her removal from the Hotel Vendome she took up her residence on Mount Vernon Street, where she continued to live until her death. Had the deceased lived four months longer the plaintiff would have been barred by the general statute of limitations. As it happened, by her death in February, 1938, and the qualification of her executors in March of that year, the plaintiff had the benefit of another year of grace, during which he made no further effort to locate the deceased. An examination of the records of the registry of probate during that year would have disclosed the death of the deceased and that her estate was in course of settlement. The allegations of the bill do not show that the plaintiff was in any way deceived by the defendants or that any misrepresentations were made to him or that any deception was practised upon him.

Considering the facts alleged in the light of the many decisions of this court governing the subject matter, a review of which would serve no useful purpose, we are of opinion that it cannot be said that the plaintiff used due diligence and is not chargeable with culpable neglect in not prosecuting his claim within the time limited by G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4.   See *Sykes* v. *Meacham*, 103 Mass. 285; *Haven* v. *Smith*, 250 Mass. 546, 549, 550; *Nichols* v. *Pope*, 287 Mass. 244, 247.   The only decision of this court cited by the plaintiff in support of his contention that the facts stated in his bill warrant the granting of the relief provided for in appropriate cases by § 10, is *Ewing* v. *King*, 169 Mass. 97.   It is clearly distinguishable, however, in the facts.   The entry will be

> *Demurrer sustained.*
> *Bill dismissed with costs.*