EDWIN J. MONAGHAN *vs.* HUGH H. MONAGHAN, executor.

Norfolk.  April 7, 1948. — June 11, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Equity Jurisdiction*, Claim barred by short statute of limitations.  *Executor and Administrator*, Claim barred by short statute of limitations.

One, against whom a judgment had been ordered on the report of an auditor whose findings were final in an action by an executor against him to recover a bank deposit as the property of the estate, and who had appealed from the order about two months before the short statute of limitations would bar an action by him against the executor upon an alleged debt of the estate to him, had no standing to maintain a suit in equity to establish his claim upon the alleged debt under G. L. (Ter. Ed.) c. 197, § 10, after the running of the short statute and after a decision against him on his appeal.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Norfolk on January 23, 1947.

On transfer to the Superior Court, the suit was heard on demurrer and plea by *Williams*, J.

*W. R. Bigelow*, for the plaintiff, submitted a brief.

*R. Wait*, for the defendant.

RONAN, J.  Arthur D. Monaghan died domiciled in Maine on October 8, 1944, and Hugh H. Monaghan was appointed ancillary executor by the Probate Court of Norfolk County in this Commonwealth on June 8, 1945. [1]  The executor brought an action of contract against the testator's brother Edwin J. Monaghan on June 18, 1945, to recover a deposit in a savings bank.  The defendant in that action contended that the deposit was given to him by the testator.  The report of an auditor, whose findings of fact were final, came before the Superior Court, and judgment was ordered entered for the plaintiff executor on April 1, 1946.  On appeal to this court, a rescript was sent down on November 4, 1946, affirming the order for judgment.  *Monaghan* v. *Monaghan*,

---

[1] The date of approval of the executor's bond is not stated in the record but we assume as did the parties that the bond was approved on June 8, 1945.

320 Mass. 367.   The defendant in that action on January 23, 1947, brought the present bill of complaint in the Supreme Judicial Court under G. L. (Ter. Ed.) c. 197, § 10, seeking a judgment for an alleged indebtedness upon an account annexed against the estate of the defendant's testator, alleging that, in failing to prosecute the claim within the time limited by G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4, he was not chargeable with culpable neglect.   The suit was transferred to the Superior Court. [1] The plaintiff appealed from interlocutory decrees sustaining the defendant's demurrer, adjudging the sufficiency of the defendant's plea, and denying a motion to amend the bill, and from a final decree dismissing the bill with costs.

There was no error.

The plaintiff knew every essential fact relative to his brother's estate and concerning the period within which suit might be brought against it.   He was not misled by any conduct of the executor.   He was familiar with the auditor's report, which on its face showed that he had no right to the deposit and that his claim that the deposit belonged to him could not be supported.   Upon the coming in of the auditor's report the judge ordered a judgment for the estate.   Thereafter he had more than two months within which to bring action on his present claim.   Instead, he deliberately chose to prosecute his appeal from that order.   Even if it could be assumed that he entertained a genuine but mistaken belief that he would prevail on that appeal, that fact would not furnish adequate excuse for not seasonably asserting his claim in an action at law or justify a finding that he was not chargeable with culpable neglect.   It is settled that one, who insists upon staking all in prosecuting a pending proceeding to a final conclusion while knowing all the material facts which indicate that the short statute of limitations is running against him, and yet neglects to resort to another remedy available to him and sufficient to protect his rights, is not entitled to maintain a bill under G. L. (Ter. Ed.) c. 197, § 10, in the event that the proceeding which he pur-

---

[1] See G. L. (Ter. Ed.) c. 214, § 32, made applicable to this suit by G. L. (Ter. Ed.) c. 213, §§ 1A, 1B, inserted by St. 1939, c. 257, § 1.

sued terminated in a final decision unfavorable to him. .
*Estabrook* v. *Moulton,* 223 Mass. 359. *Leach* v. *Leach,* 238
Mass. 100. *Johnson* v. *Clabburn,* 249 Mass. 216. *Nichols* v.
*Pope,* 287 Mass. 244. *Noyes* v. *Shea,* 312 Mass. 32.

The interlocutory decrees are affirmed, and the final decree is affirmed with costs.

*So ordered.* .