FIRST PORTLAND NATIONAL BANK *vs.* AMOS L. TAYLOR, executor.

Middlesex.    November 4, 1948. — December 7, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Equity Jurisdiction*, Claim barred by short statute of limitations. *Executor and Administrator*, Claim barred by short statute of limitations.

A bill in equity under G. L. (Ter. Ed.) c. 197, § 10, by a creditor of an estate against the executor for a judgment on his claim is not good on demurrer if it does not contain a clear, direct, and unequivocal allegation that the claim "has not been prosecuted within the time limited" under § 9; such requirement was not met by averments of a bill merely that, promptly after the death of the testator, the plaintiff creditor engaged an attorney to enforce the claim, that the attorney died about four years later, that the plaintiff did "not know whether or not the attorney brought an action at law against the estate," that it "appears" from an investigation made by the plaintiff that "probably no such action was brought," and that the defendant wrote the plaintiff that "no suit was brought against the estate within the year after the approval of the executor's bond."

A demurrer to a bill in equity by a creditor of an estate against the executor under G. L. (Ter. Ed.) c. 197, § 10, for a judgment on a claim based on collateral notes should have been sustained where the only averments of the bill as to the period described in § 9 were that the plaintiff had prompt notice of the death of the testator, demanded payment of the notes on their due dates, engaged an attorney to enforce the claim and sold the collateral, and that the attorney "probably" brought no action against the estate: such averments failed to show that the plaintiff was misled or that failure to sue within that period was due to some cause other than culpable neglect; further averments as to events in insolvency proceedings occurring after the expiration of that period and other events so occurring were immaterial and did not help the plaintiff.

BILL IN EQUITY, filed in the Superior Court on April 5, 1948.

The case was reported to this court by *Dowd*, J., after the entry of an interlocutory decree overruling a demurrer.

*W. Noyes*, (*S. B. Anderson & A. L. Taylor* with him,) for the defendant.

*J. M. Russell*, for the plaintiff, submitted a brief.

WILKINS, J.   This is a report by a judge of the question raised by an interlocutory decree overruling the defendant's demurrer to the bill of complaint.  G. L. (Ter. Ed.) c. 214, § 30.  The bill, brought pursuant to G. L. (Ter. Ed.) c. 197, § 10, [1] was filed April 5, 1948, and alleges the following: The defendant is the surviving executor under the will of Jesse P. Lyman, late of Ashby, who died on September 14, 1931. The executors qualified on October 6, 1931.   The plaintiff was the holder of three promissory notes of which Lyman was the maker.  The notes were respectively dated May 7, 1931, August 12, 1931, and August 26, 1931, and were payable in six months to the plaintiff or order.  Promptly after the death of Lyman the plaintiff engaged an attorney "to represent it in the matter of enforcing" its claims upon the notes against the Lyman estate.  The attorney died in 1935 and his file has not been found.  The plaintiff "does not know whether or not the attorney brought an action at law against the estate."  It "appears," however, from an investigation made by the plaintiff "that probably no such action was brought."   The plaintiff made demands for payment upon the executors on the due dates.  The executors refused to pay the notes.  Thereupon, between December 16, 1931, and March 17, 1932, the plaintiff sold the collateral securing the notes, leaving a deficiency of $11,461.74.   On January 4, 1933, the executors represented the estate insolvent.  The plaintiff filed its proof of claim for the deficiency with interest, and the commissioners in insolvency in a report filed in the Probate Court, Middlesex County, on January 3, 1934, allowed the claim in the sum of $12,953.53. The report "was not objected to within the time set forth" in G. L. (Ter. Ed.) c. 198, §§ 11, 16.   On January 27, 1932, Frank W. Lyman, then an executor, transferred to himself without the plaintiff's knowledge when the estate

---

[1] "If the supreme judicial court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by the preceding section, deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person . . .."  The statute is made applicable to the Superior Court by G. L. (Ter. Ed.) c. 213, §§ 1A, 1B, as inserted by St. 1939, c. 257, § 1.

appeared insolvent certain stock of the estate under pledge to him to secure a loan.  On September 24, 1924, one Jose and others filed a petition in the Probate Court, Middlesex County, attacking that transfer.  On January 20, 1943, the Probate Court dismissed the petition.  On June 1, 1944, this court reversed the decree and remanded the case to the Probate Court.  *Jose* v. *Lyman*, 316 Mass. 271.  On February 18, 1947, the Probate Court entered a decree "avoiding" the transfer.  While appeals were pending, the plaintiff was informed by the defendant "of the Jose litigation, its history and its status."  The plaintiff "was urgently requested" to join with nineteen other parties in executing "a compromise stipulation."  "Representations and promises were made" to the plaintiff that if it would join and would reduce the interest on its claim from six per cent to three per cent, the claim would be paid in full.  "In reliance upon these representations and promises" the plaintiff reduced its claim and joined in executing "a compromise stipulation" dated October 1, 1947.  In consequence, stock and cash in the amount of $197,883.86 were transferred to the defendant executor on November 18, 1947, and the estate was rendered solvent.  On December 18, 1947, the defendant notified the plaintiff that he had received payment from Frank W. Lyman and had about $220,000 for payment of creditors and distribution to beneficiaries.  On January 2, 1948, the defendant wrote the plaintiff that no suit on its claim had been brought against the estate within one year after the approval of the executors' bonds on October 6, 1931, that the allowance of the claim by the commissioners in insolvency did not keep it alive, and that it was barred "by the special one-year statute."

The bill concludes by alleging that the plaintiff is not chargeable with culpable neglect in not prosecuting its claim within the time limited by G. L. (Ter. Ed.) c. 197, § 9, as amended, and that justice and equity require that judgment be entered in its favor.

It is essential at the outset under G. L. (Ter. Ed.) c. 197, § 10, that the creditor's claim "has not been prosecuted within the time limited" under § 9, which prescribes one

year from the time of the executors giving bond for the performance of their trust. It is not definitely alleged that no suit was brought by anyone on behalf of the plaintiff. The bill merely states that promptly after the death of Jesse P. Lyman, which occurred on September 14, 1931, the plaintiff engaged an attorney "to represent it in the matter of enforcing" its claims on the notes; that that attorney died in 1935; and that while the plaintiff "does not know whether or not the attorney brought an action at law against the estate," it "appears" from an investigation made by the plaintiff that "probably no such action was brought." While it is also alleged that the defendant wrote the plaintiff that "no suit was brought against the estate within the year after approval of executors' bonds, which was on October 6, 1931," there is no allegation that that statement is true. It seems clear that as to this basic part of the plaintiff's case the bill is not good on demurrer. The clear, direct, and unequivocal allegation of a crucial fact is lacking. *North Station Wine Co. Inc.* v. *United Liquors, Ltd. ante,* 48, 51, and cases cited.

The plaintiff has not moved to amend to cure this defect, but if we assume that there is sufficient allegation of this fundamental fact, the bill still fails to state a case for relief under the statute. Much of the plaintiff's argument is weighted down by the difficulty, if not the impossibility, of showing how events occurring after the expiration of the time for suit could have any bearing upon the issue of the absence of culpable neglect in not bringing suit. The plaintiff relies upon the allowance of the claim by the commissioners and upon the executors' failure to appeal under G. L. (Ter. Ed.) c. 198, §§ 11, 12, 16. The representation of insolvency here followed the expiration of the time for suit. Even had the representation of insolvency preceded such expiration, it would not have suspended the special statute of limitations. "The presentation of his claim to the commissioners by the creditor is the commencement of his proceedings or suit for its enforcement against the estate; and the statute applies to a proceeding in that mode as well as to a suit at law." *Aiken* v. *Morse,* 104 Mass. 277,

281. *Tarbell* v. *Parker*, 106 Mass. 347, 349. See *Blanchard* v. *Allen*, 116 Mass. 447, 449. A fortiori, the representation of insolvency could not remove the bar of the statute once it had run.

The plaintiff nevertheless cites the statute relating to insolvent estates of deceased persons, G. L. (Ter. Ed.) c. 198, § 2, which provides: The Probate Court may appoint commissioners "to receive and examine all claims of creditors . . . and to return a list of all claims presented to them, with the amount allowed on each. All debts of the estate of said deceased not at the time of such finding barred by any statute of limitations may be allowed either by said commissioners or by said court." It is argued that, as the duty of the commissioners was to allow only debts not barred by the statute of limitations, "they must have found that for some reason this debt was not barred." But the assumption on which we are proceeding is that no action was seasonably brought. And the executors had no power to waive the statute of limitations. *Finance Corp. of New England* v. *Parker*, 251 Mass. 372, 376–377. *Rosenblatt* v. *Foley*, 252 Mass. 188, 191. *Gallo* v. *Foley*, 296 Mass. 306, 310. No specific reason has been suggested why the statute was not a bar. The likely, if not the only, explanation is that the allowance by the commissioners was an inadvertence and an action beyond their statutory powers. In that posture of the proceedings in insolvency, regardless of other objections to its case, the plaintiff with the knowledge which it had of the facts could not rely on that mistaken remedy for nearly fifteen years and then successfully invoke the statutory remedy pursued here. *Monaghan* v. *Monaghan*, *ante*, 96, 97–98, and cases cited. But that is not the only difficulty. There is no allegation that the Probate Court entered any decree one way or the other in the matter of distribution. For aught that appears, the claim is still awaiting action in that court. Compare *Tarbell* v. *Parker*, 106 Mass. 347; *Greenwood* v. *McGilvray*, 120 Mass. 516; *Bowers* v. *Hammond*, 139 Mass. 360, 363. On the bill as drawn, that is another obstacle to a decree in favor of the plaintiff.

For authority, the plaintiff's main reliance is *Downey v. Union Trust Co.* 312 Mass. 405, where a master, in a suit brought under G. L. (Ter. Ed.) c. 197, § 10, found generally that the plaintiff, a minor, who had consulted, and had been advised by, an attorney, was not chargeable with culpable neglect. There were no subsidiary findings and no finding that failure to sue was due to the attorney's negligence. This court held that the general finding was conclusive. There is no resemblance between that case and the case at bar. The commissioners were not empowered to allow a claim if they deemed that failure seasonably to sue was not due to culpable neglect and that justice and equity required it.

The plaintiff is given no aid by the Jose litigation or by the compromise negotiations and agreement, all long after the time for suit had expired. The allegations relating to the one-year period beginning October 6, 1931, are that the plaintiff had prompt notice of the death of Jesse P. Lyman, demanded payment which the executors refused to make, engaged an attorney "to represent it in the matter of enforcing" its claims, and sold the collateral; that that attorney "probably" brought no action against the estate; and that one of the executors, unbeknown to the plaintiff, made an improper transfer of assets of the estate, which appeared insolvent. Allegations are lacking that in that vital period the plaintiff was misled or that failure to sue was due to some cause other than culpable neglect. *Nochemson v. Aronson,* 279 Mass. 278. *Nichols v. Pope,* 287 Mass. 244. *Dietrick v. Hayward,* 304 Mass. 623. *Noyes v. Shea,* 312 Mass. 32.

*Decree reversed.*