EDWIN MOREY & others *vs.* AMERICAN LOAN AND TRUST
COMPANY & others.

Suffolk.   February 4, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, & HOLMES, JJ.

*Trust — Suit against Executors of Trustee — Statute of Limitations — Culpable
Negligence.*

A beneficiary under a trust, who had assigned his interest, assuming to act as such,
brought a bill in equity against the executors of the trustee, for a breach of
trust, on the last day within the time limited by the Pub. Sts. c. 136, § 9, for
suits against executors, both in his own behalf, and, as authorized by them, in
behalf of his co-beneficiaries, who believed him to be still a beneficiary, and who
did not know that he had assigned his interest until a later day.  *Held,* that
such co-beneficiaries were not chargeable with culpable negligence, within the
meaning of the Pub. Sts. c. 136, § 10, in not prosecuting their claim within the time
limited, and might maintain another bill in equity for the same cause of action.

BILL IN EQUITY, by certain beneficiaries under a trust, against
the first named defendant and others, trustees, including the
executors of the will of one Pomeroy, to recover for alleged
breaches of trust.  Hearing before *Knowlton,* J., who reported
the case for the consideration of the full court.  The material
facts appear in the opinion.

*F. Paul & W. W. Gooch,* for the plaintiffs.

*M. F. Dickinson, Jr., & H. R. Bailey,* for the executors.

W. ALLEN, J.  To this bill brought against trustees by
several *cestuis que trust* in behalf of themselves and all others
in the same interest who may come in to prosecute the suit, the
executors of one of the trustees, who are made defendants, plead
the statute of limitations of actions against executors.  The
plaintiffs rely upon the Pub. Sts. c. 136, § 10, which authorize a
judgment notwithstanding the statute of limitations, if the court
is of opinion " that justice and equity require it, and that such
creditor is not chargeable with culpable neglect in not prosecut-
ing his claim within the time so limited."

On the last day within the time limited for bringing actions
against executors, one Friend, as one of the *cestuis que trust,*
and in behalf of all the others who might come in, brought a
bill against these defendants for the same cause of action set

forth in this bill. The only ground for finding that the plaintiffs were not chargeable with culpable neglect in not prosecuting their claim within the time limited, is the pendency of the suit of Friend. That suit was brought with the knowledge and for the benefit of the plaintiffs. Where there are many parties interested in a cause of action upon which a suit may be commenced by one in behalf of all who may come in, a suit commenced by one in behalf of all would seem to be a sufficient prosecution of the claim by all who rely upon such suit; so that if they afterwards come in and become parties, they will be deemed to have prosecuted their claim at the time the suit was commenced. If a suit for the same cause of action has been duly commenced and is pending, which the creditor has a right to join in and prosecute as a party, it cannot be necessary that he should commence a separate action in order to prevent the bar of the statute unless he shall actually come into the suit within the time limited for commencing actions. If it were so, every creditor who could not actually be admitted as a party of record to the first suit before the expiration of the two years limited by the statute would be obliged to commence a separate suit.

In this case, the authority of Friend to commence the suit in behalf of these plaintiffs was not only inferred by law from his relation to them as it appeared on the record, but was actually given by them. If the suit had been properly commenced in the name of Friend, and the plaintiffs had at any time been admitted as parties, we think it would have been a prosecution of the claim by them within the time limited. But the suit was not properly commenced in Friend's name, and the plaintiffs were not, and cannot be, admitted to prosecute it, and it has been dismissed on the plea that Friend had no interest. If the suit of Friend had been properly commenced, the plaintiffs would have been admitted to prosecute it, and there need have been no other prosecution of their claim to prevent the bar of the statute. They believed that the prosecution of their claim commenced in the name of Friend could be maintained, and for that reason did not prosecute it in their own name. If they were not negligent in entertaining and acting on that belief, they are not chargeable with culpable negligence in not otherwise prosecuting their claim within the time limited by the statute.

Friend had been a *cestui que trust*, and the plaintiffs believed him to be one when his suit was commenced, and until, after the application of the plaintiffs to be admitted to prosecute that suit, it appeared upon the plea of the defendants that his interest had been assigned before the suit was commenced. The plaintiffs knew that Friend had been a *cestui que trust*, and did not know of his assignment, and were mistaken as to the fact of his being a *cestui que trust* when the suit was commenced. It was this mistake of fact which prevented them from prosecuting their claim within the time limited, and they were not guilty of culpable negligence therein, if their belief that Friend was a *cestui que trust* was a reasonable belief entertained without negligence.

It is to be observed that the particular thing in reference to which negligence is alleged was not a thing in which either party had a special interest, or in reference to which the plaintiffs owed any special duty to the defendants. The plaintiffs knew that the time within which an action could be commenced was about expiring, and their interest was that the time should not expire before a suit should be brought. Whether the suit should be in the name of one *cestui que trust* or of another was immaterial alike to the plaintiffs and to the defendants. If Friend was a *cestui que trust*, there was no advantage to the plaintiffs or detriment to the defendants that the suit should be in his name rather than in that of another, and there was no reason that it should be in his name, except that he was one of the parties in interest. The suit was commenced by him as a *cestui que trust* in his own behalf and in that of the plaintiffs. Nothing appears that should suggest to the plaintiffs that he had divested himself of the interest that he once had; and it is admitted by the defendants that the plaintiffs "were informed and believed" that he then had the same right of action that they had. We think that they were justified in acting upon the knowledge and information which they had, and were not put upon further inquiry whether Friend had not assigned the interest which by bringing the suit he asserted remained in him.

As the plaintiffs are not chargeable with culpable negligence in not prosecuting their claim within the time limited by the statute, and as no circumstance appears that renders it inequitable that they should now prosecute it, justice and equity require that they should be allowed to do so.     *Plea overruled.*