JOHN McMAHON *vs.* ROSINA B. MILLER & another, executors.

Norfolk.  March 20, 1906. — June 19, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Limitations, Statute of. Equity Jurisdiction. Executor and Administrator.*

In a suit in equity against executors under R. L. c. 141, § 10, by a creditor of the estate of the testator, whose claim had not been prosecuted within the two years prescribed by § 9 of the same chapter, it appeared that the debt was created by the plaintiff, after the testator's death, taking up certain notes which he had indorsed for the testator's accommodation, that in taking up the notes he got the bank holding them to discount his personal note for the amount due and gave to the bank as security the notes of the testator which he took up, that the personal property of the testator's estate was not sufficient to pay the debts, and one of the executors represented to the plaintiff that if a sale of the real estate was forced there might not be enough to pay the debts and that if a sale was not forced and the proceeds were sufficient the plaintiff's debt would be paid, that he urged the plaintiff not to bring an action and to persuade the bank not to sue on the testator's notes held by it as security, that the plaintiff forbore to bring action and persuaded the bank also to forbear, that before the two years of limitation expired the executors under a license from the Probate Court sold a part of the real estate and realized a substantial sum of money, more than sufficient to pay all the debts of the estate, that the plaintiff was not informed of this sale and did not learn of it until after the two years of limitation had expired. It further appeared that the executors acted in good faith, and that the plaintiff and the executors mutually were mistaken in believing that by bringing an action a sale

of the land could be forced and in believing that the money due to the plaintiff could be paid at any time whether the action was brought within the two years or not. The presiding justice found that the plaintiff was not chargeable with culpable neglect. *Held*, that, even if the parties acted under a mistake of law which affected the conduct of the plaintiff, justice and equity required that the debt to the plaintiff should be paid, and that under the statute he was entitled to a judgment for the amount of his claim.

Morton, J. This is a bill in equity for relief under R. L. c. 141, § 10. The presiding justice ruled on the facts found by him, that the plaintiff had not been guilty of culpable negligence, but ruled that there was a mutual mistake of law on the part of the plaintiff and the defendants, and that the plaintiff was not entitled to relief under R. L. c. 141, § 10, as interpreted by *Powow River National Bank* v. *Abbott*, 179 Mass. 336, and dismissed the bill with costs. The plaintiff appealed.

We think that the decree dismissing the bill was wrong, and that the plaintiff is entitled to the relief which he seeks. We treat what is called a ruling as in effect a finding that the plaintiff was not chargeable with culpable neglect, which are the words of the statute, and as intended to express the conclusion to which the presiding justice came on that question on the evidence before him, and the facts as found by him. That finding distinguishes this case from most if not all of the previous cases which have arisen under this statute. In those cases it was found or ruled that the plaintiff was guilty of culpable neglect. That was evidently the ground on which the case of the *Powow River National Bank* v. *Abbott* was decided as shown by the cases cited in the first paragraph of the opinion and by the reasoning of the court. It is plain, we think, that justice and equity require that the plaintiff should have the relief which he seeks. " The statute is remedial. . . . Its operation is not limited to cases where the failure to sue seasonably was due to such fraud, accident or mistake as would be a ground for equitable relief if there were no statute." *Ewing* v. *King*, 169 Mass. 97, 102. The plaintiff indorsed, for the accommodation of the defendants' testator, notes, the renewals of which came due after the testator's death, and which the plaintiff was obliged to take up, and on which there is a balance now due him of upwards of $1,700. In taking up the notes the plaintiff got the bank holding them to discount his personal note for the amount due, and gave to the

banks as collateral therefor the notes of the testator which he took up. The personal property belonging to the estate was not sufficient to pay the debts, but there was real estate available for that purpose. The defendant Widger, with the knowledge of his co-executor, represented to the plaintiff that if a sale of the real estate were forced there might not be enough to pay the debts, and that if the sale was not forced and the proceeds were sufficient the plaintiff's debt would be paid out of them. He urged the plaintiff not to bring suit and to persuade the bank which held the testator's original notes not to do so. The plaintiff, who had been a warm personal and business friend of the testator, forbore to bring suit, and persuaded the bank also to forbear. Subsequently and before the two years expired the defendants, acting under a license from the Probate Court, sold a part of the real estate and realized therefrom $6,000. The plaintiff was not informed of this sale, and the defendants left him in ignorance of it, and he did not learn of it till after the two years had expired. The finding that the plaintiff was not "guilty of culpable negligence" must be taken to include, we think, a finding that there was no negligence on his part in failing to ascertain the facts with regard to the sale of the real estate. The fact that after the representations made by them the real estate was sold by the executors before the two years expired and that the sale was not made known to the plaintiff and he did not learn of it till after the two years expired, also distinguishes this case from the *Powow River National Bank* v. *Abbott*, *ubi supra*, and the cases referred to in the opinion in that case, and renders it more analogous to *Ewing* v. *King*, *ubi supra*, *Morey* v. *American Loan & Trust Co.* 149 Mass. 253, and *Knight* v. *Cunningham*, 160 Mass. 580. The fact that the executors acted in good faith, as it is found that they did, and the further fact, which also is found, that they and the plaintiff were mutually mistaken in believing that by bringing an action a sale of the land could be forced, and that the balance due the plaintiff could be paid at any time, whether the action was brought within the two years or not, do not, it seems to us, affect the right of the plaintiff to relief, even if we assume that such mistaken beliefs constituted a mistake of law, and entered into the conduct of the plaintiff.

They do not show, as matter of law, that he was chargeable with culpable neglect, or that justice and equity do not require that his claim should not be paid.   There being no culpable neglect on the part of the plaintiff and justice and equity requiring it, it follows that the plaintiff is entitled to judgment for the balance due him.

Decree reversed and case to stand for hearing to determine the amount due the plaintiff and judgment to be entered accordingly.

*So ordered.*

*J. E. Hannigan*, (*I. Fox* with him,) for the plaintiff.
*J. O. Burdett*, for the defendants.