HARRY NOCHEMSON *vs.* SARAH ARONSON & others, executors.

Suffolk. March 10, 1932. — May 20, 1932.

Present: RUGG, C.J., WAIT, SANDERSON, & FIELD, JJ.

*Limitations, Statute of. Executor and Administrator. Equity Jurisdiction,*
To establish debt barred by short statute of limitations. *Equity
Pleading and Practice,* Demurrer, Decree, Appeal.

An appeal from a final decree dismissing the bill in a suit in equity,
entered after the entry of an interlocutory decree sustaining a demur-
rer to the bill and a failure of the plaintiff to amend the bill, brings to
this court the question of the propriety of the sustaining of the de-
murrer although no appeal was taken from the interlocutory decree.

No ground for a suit in equity by a creditor of the estate of a testator
against the executor of his will under G. L. c. 197, § 10, was shown by
allegations that the defendant for himself and as agent "of the heirs"
of the testator represented to the plaintiff that all the property of the
estate was in real estate and real estate mortgages, agreed with the
plaintiff that as soon as he sold any of the real estate or collected
any of the mortgages he would pay the plaintiff's claim and would
pay interest thereon in the meantime, and requested the plaintiff,
because the market for real estate was bad, not to force him to sell any
of the real estate or to foreclose the mortgages; that the defendant
did pay interest on the plaintiff's claim for a time; that the plaintiff,
relying upon such agreement, did not bring an action against the de-
fendant within one year of the date of the approval of his bond; and
that the defendant, unknown to the plaintiff, did collect one or
more of said mortgages within the one year but did not pay the plain-
tiff's claim.

An executor of a will has no power to bind the estate by any promise or
representation to a creditor which in effect waives the short statute of
limitations, G. L. c. 197, § 9, and a creditor dealing with the executor
must be assumed to know of this rule.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on June 18, 1931, and described in the
opinion.

A demurrer was heard by *Crosby,* J., by whose order an
interlocutory decree sustaining it was entered. Thereupon,
by order of *Sanderson,* J., a final decree was entered dis-
missing the bill, from which the plaintiff appealed.

*S. Frankel,* for the plaintiff.

*S. L. Solomont,* for the defendants.

FIELD, J. This is a suit in equity brought in this court under G. L. c. 197, § 10. The bill alleges the death of Philip S. Aronson, of Boston, on January 11, 1930, leaving a will, the allowance of the will, and the appointment of the defendants and another as executors, the approval of their bonds on February 27, 1930, and due notice of their appointment, and the resignation of the other executor and acceptance of his resignation. The bill alleges, also, that the deceased was indebted to the plaintiff in the sum of $1,000 and interest thereon for money loaned by the plaintiff to the testator, as evidenced by a demand note of the deceased for $2,000, dated October 26, 1928, upon which $1,000 was paid; that since the death of the deceased the defendants had paid the plaintiff the interest on said indebtedness to February 28, 1931, leaving a balance due of $1,000 with interest from March 1, 1931; that the defendants "had notice of and acknowledged the said debt due from the deceased to the plaintiff within one year from the date of the approval of their bonds"; that they are still in process of administering the estate of the deceased and have not made any distribution thereof, and that the plaintiff "has not been culpably negligent in failing to prosecute his claim against the estate within the time limited by statute and that it would be inequitable not to allow the plaintiff to establish his claim against said estate."

The bill contains the further allegation: "That the respondents for themselves and as agents of the heirs of the said deceased with intent to defraud your complainant represented to your petitioner that all the property of the estate was in real estate and real estate mortgages and agreed with your petitioner that as soon as they sold any of the real estate or collected any of the mortgages they would pay your petitioner's claim, that until the sale of some of the real estate or collection of any of the mortgages they would pay your petitioner interest on his debt, and requested your petitioner not to force them to sell any of the real estate or to foreclose the mortgages as the market for real estate was bad; that the

respondents did pay the interest as aforesaid to February 28, 1931, and that your petitioner relying upon the said agreement did not bring an action against the respondents within one year of the date of their approval of their bonds and that the respondents unknown to your petitioner did collect one or more of said mortgages within the one year but have not paid your petitioner."

The plaintiff prays that judgment be entered in favor of him against the defendants as executors in the sum of $1,000 with interest from March 1, 1931, and that as such executors they be ordered to pay the plaintiff the amount of such judgment out of the estate of the deceased.

The defendants demurred generally and also on the special grounds that the bill fails to allege any fraud, accident or misrepresentation, or to set forth the representations made by the executors with sufficient particularity to form any basis for a cause of action. An interlocutory decree was entered sustaining the demurrer and thereafter, no amendment to the bill having been made, a final decree dismissing the bill. The plaintiff appealed from the final decree.

Though no appeal was taken from the interlocutory decree sustaining the demurrer its correctness is open for consideration upon the appeal from the final decree. The final decree was founded upon and necessarily affected by the interlocutory decree. G. L. c. 214, § 27. *Parker* v. *Flagg*, 127 Mass. 28. *O'Brien* v. *O'Brien*, 238 Mass. 403, 408.

The demurrer was sustained rightly.

By G. L. c. 197, § 9 (see now St. 1931, c. 417), the time limited for bringing actions against an executor or administrator who has given due notice of his appointment is "one year from the time of his giving bond," though the Probate Court may allow further time not exceeding two years from the time of the giving of such bond if application for such further time is made "before the expiration of one year from the time of the approval of said bond." See also § 1. Section 10, under which this suit is brought, provides that "If the Supreme Judicial Court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within

the time limited by the preceding section, deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person; but such judgment shall not affect any payment or distribution made before the filing of such bill."

The bill does not allege facts showing that the plaintiff was not "chargeable with culpable neglect" in not prosecuting his claim within the time limited and that "justice and equity" require the relief sought.

Apart from the alleged agreement between the plaintiff and the defendants the bill states no case for relief under the statute. The plaintiff's claim, being based upon a demand note, was actionable at all times during the period when the executors could be sued. So far as appears the plaintiff was not at any time absent from the Commonwealth or under any personal disability to bring suit and did not rely upon any third person to protect his rights. That he had knowledge seasonably of the death of the testator and the appointment of the executors, and knowledge that his debt was due and that the short statute of limitations was applicable thereto, is not negatived. No relation of trust and confidence between the plaintiff and the defendants is alleged. Nothing in the nature of "accident" is shown. See *Tremont Trust Co.* v. *Burack*, 235 Mass. 398, 402. Nor do the allegations amount to a charge of fraud on the part of the defendants. The only representation by the defendants alleged in the bill is that "all the property of the estate was in real estate and real estate mortgages." It is not alleged that this representation was false. The only mistake of fact suggested is that within the year in which the plaintiff should have brought suit the defendants, "unknown" to him, collected one or more mortgages. This mistake, even if due to concealment by the defendants of the fact of such collection, had no material bearing upon the plaintiff's duty to bring suit within the time limited, apart from the defendants' agreement. The facts alleged do not show that the defendants con-

cealed the plaintiff's cause of action. The extent to which
any of these omitted allegations, if present, would aid the
plaintiff need not be discussed. The principles involved
have been considered in previous cases. See *Leach* v. *Leach,*
238 Mass. 100, and cases cited. See also *Powow River
National Bank* v. *Abbott,* 179 Mass. 336.

The bill fails to show that the plaintiff was not charge-
able with culpable neglect in relying on the so called
"agreement" and permitting the period of limitations to
expire without bringing suit. The defendants had no
power to bind the estate by any promise or representation
to the plaintiff which in effect waived the short statute of
limitations. *Bartlett* v. *Tufts,* 241 Mass. 96, 99. This the
plaintiff must be assumed to have known (*Waltham Bank*
v. *Wright,* 8 Allen, 121, *Wells* v. *Child,* 12 Allen, 333, *Knight*
v. *Cunningham,* 160 Mass. 580, 584, *Powow River National
Bank* v. *Abbott,* 179 Mass. 336, 340), and there is no alle-
gation that he did not. Furthermore, the "agreement"
disclosed by the bill did not necessarily contemplate that
the plaintiff would not bring suit. The defendants, accord-
ing to the allegations of the bill, requested the plaintiff
merely "not to force them to sell any of the real estate or to
foreclose the mortgages." Bringing an action within the
statutory period would not have forced a sale of real estate
or foreclosure of mortgages. Such an action could have been
brought without an attachment being made — indeed,
no attachment could have been made without permission
of the Probate Court. G. L. c. 223, § 16; c. 230, § 7.
*Harmon* v. *Sweet,* 221 Mass. 587, 593. *Fessenden* v. *Gun-
senhiser,* 278 Mass. 213, 217. Between the commencement
of an action and its final disposition, in the ordinary course
of procedure, considerable time would elapse within which
the defendants could have reduced the real estate and the
mortgages to cash. There is no allegation comparable to
the finding in *McMahon* v. *Miller,* 192 Mass. 241, 243, that
the plaintiff and the defendants "were mutually mistaken
in believing that by bringing an action a sale of the land
could be forced, and that the balance due the plaintiff
could be paid at any time." So far as appears the plaintiff,

being under no disability and having full knowledge of all material facts and of the applicable law, without having been requested or having promised to refrain from bringing suit, voluntarily elected to rely on the defendants' promises to pay his claim out of collections made by them, when ordinary prudence would have dictated that within the time fixed by statute he bring suit or obtain an extension of time for so doing. The case is governed by *Powow River National Bank* v. *Abbott*, 179 Mass. 336, and cases therein relied on. See also *Leach* v. *Leach*, 238 Mass. 100.

The plaintiff is not relieved of blame for imprudently relying upon the defendants' promises, by the defendants' breach of those promises in collecting one or more mortgages unknown to the plaintiff and failing to pay his claim out of the proceeds. Similar facts were given weight in *McMahon* v. *Miller*, 192 Mass. 241, 243, but in that case there were other facts which tended to show that the plaintiff was not chargeable with culpable neglect in his original reliance on the defendants' agreement.

*Knight* v. *Cunningham*, 160 Mass. 580, and *McMahon* v. *Miller*, 192 Mass. 241, relied on by the plaintiff, are distinguishable from this case. *Knight* v. *Cunningham* was decided on the ground that all persons interested in the estate were parties to the arrangement whereby the bringing of suit was delayed. In the present case there was a will and the estate consisted partly of personalty, and though the bill alleges that the defendant executors acted "as agents of the heirs" it is not stated that legatees, devisees or creditors, other than the plaintiff, were parties to the arrangement. In *McMahon* v. *Miller* it appeared that the plaintiff's delay in bringing suit was in accordance with the defendants' request and that the parties were mutually mistaken as to their rights. Moreover, the case was considered on the footing that there was a finding of fact by the trial judge that there was no culpable neglect on the part of the plaintiff.

Since the demurrer was sustained properly and the bill was not amended the decree dismissing the bill must be affirmed.

*Ordered accordingly.*