ELEANOR BURKE *vs.* DAVID GAHAGAN, administrator.

Suffolk.    October 4, 1949. — November 30, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Executor and Administrator,* Claim barred by short statute of limitations.
*Equity Jurisdiction,* Claim barred by short statute of limitations.

A creditor of the estate of a deceased attorney was guilty of "culpable neglect" in failing to bring action within the period of the short statute of limitations upon a claim for money collected for the creditor by the attorney shortly before his death, and was not entitled to relief under G. L. (Ter. Ed.) c. 197, § 10, respecting such claim, where it appeared that the creditor, although learning promptly of the attorney's death, refrained from bringing action because the attorney had promised to account for the money upon the completion of an unrelated foreclosure matter then also being handled for the creditor by the attorney, and that, after the attorney's death another attorney representing his estate had purported to make a similar promise and had undertaken to act for the creditor in the foreclosure matter, which was not completed until long after the expiration of the period of the short statute of limitations.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on March 25, 1948, and afterwards amended.

On transfer to the Superior Court, a demurrer to the amended bill was heard by *Morton,* J.

*J. P. McGrail,* for the plaintiff.

*A. L. Doggett,* for the defendant, submitted a brief.

WILKINS, J. This bill in equity under G. L. (Ter. Ed.) c. 197, § 10, is brought by a creditor against the administrator with the will annexed of the estate of Michael Ruane, an attorney. The plaintiff appealed from a final decree dismissing the bill following the entry of an interlocutory decree sustaining a demurrer to the bill, a summary of the allegations of which follows. The plaintiff engaged Mr. Ruane in two matters, a claim for services and a foreclosure of a mortgage on real estate. On December 23, 1944, he

collected $1,400 on the claim for services, and five days later wrote the plaintiff that he had deposited the sum in a designated bank, and would make payment to her less his fees after the completion of the foreclosure matter. The plaintiff consented, but Mr. Ruane died on January 13, 1945, without accounting. On January 19, 1945, the defendant was appointed special administrator, and qualified by giving bond. The plaintiff, upon learning of Mr. Ruane's death, went to his law office and learned that one Murray, a reputable member of the bar, had been designated "as his agent" by the defendant, a nonresident of this Commonwealth, and "was handling the affairs of . . . [the] testator." On February 3, 1945, the plaintiff saw Mr. Murray, who "acknowledged" her claim and told her that she would be given the $1,400 less the testator's fee, in accordance with the original agreement, as soon as the foreclosure matter should be settled. He agreed to act for her in the foreclosure matter and did act while the defendant was special administrator. Through inadvertence, accident, or mistake he neglected to inform her that he was withdrawing as agent and counsel for the defendant, or that he was no longer representing the estate, or that he would no longer represent her in the foreclosure matter. He introduced another attorney to the defendant, and turned over to them the papers and effects of the testator, but through inadvertence, accident, or mistake neglected to inform them of the plaintiff's claim against the estate or that he had been negotiating the foreclosure matter "on behalf of the estate" and the plaintiff. If Mr. Murray did tell the new attorney and the defendant about these matters, the latter "either through inadvertence, accident or mistake or through intent to defraud" the plaintiff of the amount due her from the estate neglected to inform her that they did not intend to continue negotiations in her behalf and did not intend to pay her claim against the estate. On October 15, 1945, the defendant designated the new attorney as his agent. The defendant was appointed administrator with the will annexed and his bond was approved on October

19, 1945. On February 7, 1947, the foreclosure matter was settled,[1] and on February 13, 1947, the plaintiff made demand on the defendant for the $1,400. The defendant refused to pay on the ground that the short statute of limitations had expired. See G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4. There has been no distribution of the assets of the estate.

It will be noted that there was no allegation of deception on the part of Mr. Murray, who was described as "a reputable member of the bar," and that the only intimation of fraud is an indirect and conditional one on the part of the defendant and his new attorney. It is flatly alleged, in substance, that Mr. Murray failed to inform the defendant and this attorney, but elsewhere in the bill it is set forth that nevertheless if he did inform them, they "through inadvertence, accident or mistake or through intent to defraud your petitioner" neglected to inform her. This is not an allegation of fraud on the part of anyone. It suggests a condition upon a condition. The clear, direct, and unequivocal allegation of a crucial fact is lacking. *North Station Wine Co. Inc.* v. *United Liquors, Ltd.* 323 Mass. 48, 51, and cases cited.

There was no error in dismissing the bill. The plaintiff had prompt knowledge of the death. She refrained from bringing suit, not at the request of anyone and not because of any fraud or deception or even representation of fact, but in order to await the indefinite termination of a separate and distinct legal matter, which had no relation to the $1,400 except that Mr. Ruane near the end of his life made a promise to account for both matters at the same time, which with his death became impossible of performance. That the agent and attorney for the special administrator undertook to make a similar agreement is immaterial. He was to handle the foreclosure matter solely for the plaintiff, and did not, and could not, do so for the estate. There was no agreement for delay in bringing suit or any undertaking

---

[1] How and by whom does not appear.

by anyone to prove her claim against the estate. Excuse or justification for not complying with the short statute cannot be predicated upon the facts alleged, even though, as we assume, the plaintiff supposed she had done all that was required of her. If a creditor of a decedent estate by engaging the attorney for the special administrator as his own attorney to handle one legal matter with a third party could be allowed to forego suit against the estate on an independent claim, the important quieting effect of the short statute of limitations would be seriously impaired. The plaintiff had reasonable means of knowing her rights. So far as appears, she was inactive from February 3, 1945, until February 13, 1947. . Mr. Murray could not have been active later than October 19, 1945, when the special administration terminated. In view of our decisions we are constrained to hold that there was "culpable neglect" within the meaning of G. L. (Ter. Ed.) c. 197, § 10. *Waltham Bank* v. *Wright*, 8 Allen, 121. . *Wells* v. *Child*, 12 Allen, 333, 335. *Powow River National Bank* v. *Abbott*, 179 Mass. 336. *Johnson* v. *Clabburn*, 249 Mass. 216. *Haven* v. *Smith*, 250 Mass. 546, 549–550. *Nochemson* v. *Aronson*, 279 Mass. 278. In *Downey* v. *Union Trust Co.* 312 Mass. 405, relied upon by the plaintiff, there was a finding by a master on unreported evidence that there was no culpable neglect. See *First Portland National Bank* v. *Taylor*, 323 Mass. 492, 497.

*Decree affirmed.*