CITY OF HAVERHILL *vs.* HERBERT W. PORTER, executor.

Essex. January 6, 1956. — February 15, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Old Age Assistance. Public Welfare. Executor and Administrator*, Claim barred by short statute of limitations, Real estate of decedent. *Equity Jurisdiction*, Claim barred by short statute of limitations, Lien. *Real Property*, Lien. *Limitations, Statute of.*

A municipality which furnished old age assistance under G. L. (Ter. Ed.) c. 118A was "chargeable with culpable neglect" in failing to institute an action under § 4A, as appearing in St. 1948, c. 581, § 3, within one year after the appointment of the executor of the recipient's will to recover for the assistance furnished and was not entitled to relief in equity under G. L. (Ter. Ed.) c. 197, § 10, where it appeared that less than three months after the appointment the executor was licensed to sell real property formerly of the recipient and did sell the property and that negotiations between the executor and the municipality for a compromise of its claim then began and continued until after the expiration of the year, when he refused to pay the claim. [597]

A suit to enforce a lien under G. L. (Ter. Ed.) c. 118A, § 4, as appearing in St. 1951, c. 801, § 4, upon real estate formerly of a deceased recipient of old age assistance for assistance furnished after January 1, 1952, is not subject to the short statute of limitations under G. L. (Ter. Ed.) c. 197 and is brought seasonably if commenced within a reasonable time after the death of the recipient. [598]

BILL IN EQUITY, filed in the Superior Court on August 26, 1953.

The suit was reported by *Rome, J.*

*Salvatore Faraci*, City Solicitor, for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

COUNIHAN, J.   This is a bill in equity under G. L. (Ter. Ed.) c. 197, § 10,[1] to recover money paid by the city, by way of old age assistance, to Ella Porter, the testatrix of the defendant.   General Laws (Ter. Ed.) c. 118A, § 4, as appearing in St. 1951, c. 801, § 4, and c. 118A, § 4A, as appearing in St. 1948, c. 581, § 3, are also involved as are G. L. (Ter. Ed.) c. 197, § 9, and St. 1951, c. 801, § 4A.   The effect of these statutes will be hereinafter discussed.

The suit was tried upon a statement of agreed facts which incorporated the pleadings.   It comes here upon a report of the judge which includes what appears to be findings of material facts which in substance are the same as those set out in the statement of agreed facts.   The suit was brought with the approval of the department of public welfare. C. 118A, § 4A.

The report says that the question to be determined is, "Did the amount of $7,000 received by the . . . [defendant] from the sale of the real estate of the old age recipient become personal property of said estate, which personal property became funds in the hands of the executor 'not otherwise exempted' as provided by G. L. c. 118A, § 4A?" We think, however, that the real issues are: (1) Is the city entitled to avail itself of the provisions of G. L. (Ter. Ed.) c. 197, § 10, when it failed to institute proceedings to collect this money within one year after the appointment of the executor, c. 197, § 9?   (2) Is the city in these proceedings entitled to enforce a lien for money advanced for old age assistance to the testatrix after January 1, 1952, because of c. 118A, § 4, as appearing in St. 1951, c. 801, § 4, and because of St. 1951, c. 801, § 4A (effective January 1, 1952)?

The facts are these: The city furnished old age assistance under c. 118A to Ella Porter, the testatrix, from July, 1936, to June 27, 1952, the date of her death, in the aggregate amount of $10,487.37 of which $941.67 was advanced to her from January 1, 1952, to June 27, 1952.   When Ella first

---

[1] See now St. 1954, c. 552, § 2.

applied for this assistance her personal estate and real estate were exempt under the provisions of statutes then in effect.

Her son, Herbert W. Porter, who apparently was the sole beneficiary under her will, was appointed executor of her will on July 31, 1952. On June 16, 1952, before the death of Ella the city created a lien upon a parcel of real estate on Pearson Street, Haverhill, then owned by her. This lien was created under c. 118A, § 4, as appearing in St. 1951, c. 801, § 4, and was designed to secure the city for any advances made by it after January 1, 1952.

On September 22, 1952, the executor was licensed to sell this real estate by the Probate Court "for the best interests of all parties concerned, for the sum of $7,000 or for a better price." The license was presumably granted under G. L. (Ter. Ed.) c. 202, § 19. Although the record does not disclose just when, the real estate was shortly thereafter sold for $7,000 for it appears that on October 22, 1952, the parties began negotiating a compromise of this claim and the negotiations continued until August 25, 1953, when the defendant refused to make any payment. Meanwhile the short statute of limitations had expired. C. 197, § 9.

On August 26, 1953, the city filed this present bill to recover under c. 197, § 10, which reads in part: "If the supreme judicial court,[1] upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by the preceding section, deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person." In this connection it is well to note the provision of c. 118A, § 4A, which reads in part: "The executor or administrator of such person shall likewise be liable for such expenses if the estate of such person is in possession of funds not otherwise exempted thereunder, but in any action therefor the defense

[1] See G. L. (Ter. Ed.) c. 213, § 1A, conferring concurrent jurisdiction on the Superior Court.

of the statute of limitations shall not be available to the executor or administrator except as provided in chapter one hundred and ninety-seven."

It is plain that by seeking recourse in this bill to c. 197, § 10, the city realized that its claim was barred because of c. 197, § 9. We are of opinion that the city is not entitled to recover under § 10 for that part of any money advanced to the testatrix for old age assistance prior to January 1, 1952. The facts show clearly that the city was "chargeable with culpable neglect" in failing to institute suitable proceedings under c. 118A, § 4A, within one year after the appointment of the executor. C. 197, § 9. In *Nochemson* v. *Aronson*, 279 Mass. 278, at pages 282–283, it was said, "So far as appears the plaintiff . . . voluntarily elected to rely on the defendants' promises to pay his claim . . . when ordinary prudence would have dictated that within the time fixed by statute he bring suit or obtain an extension of time for so doing." C. 197, § 9. In *Burke* v. *Gahagan*, 325 Mass. 68, where the neglect appears to have been much less culpable than in the case at bar, we held that a creditor could not avail himself of c. 197, § 10.

The case of *Boston* v. *McCafferty*, 328 Mass. 177, relied upon by the city, is not in point for there the action was brought against the recipient during his life and the short statute of limitations was not involved. The same is true of *Shrewsbury* v. *Murphy, ante,* 290, wherein we held that c. 197, § 11, relating to property acquired by an executor or administrator after the expiration of one year, could be applied.

We think therefore that the city is not entitled to recover any money paid to the testatrix for old age assistance prior to January 1, 1952.

We are of opinion, however, that the city is entitled to recover the sum of $941.67 which the judge in his report finds that the defendant is "ready, willing and able to pay . . . and there is no dispute that the said sum is due and owing" the plaintiff. While the present bill does not on its face purport to be a bill to enforce a lien as provided in

c. 118A, § 4, it does allege that such a lien was created on
June 16, 1952, before the death of the testatrix and it does
pray for such other relief as may seem "just and meet."
Chapter 118A, § 4, provides that "Such lien shall be en-
forceable by a bill in equity filed in the superior court for
the county wherein the real estate is situated." It also pro-
vides that "It shall be the duty of the board of public welfare
of the town to take action upon the death of the recipient
. . . to enforce any such lien; but such action shall be taken
only with the written approval of the department, which
shall be granted together with an order of the department
that such action be commenced within a specified period of
time, unless, in the opinion of the department, such en-
forcement will cause undue hardship." It does not appear
in the record that the department ever fixed a specified time
when proceedings should be commenced to enforce the lien.
This bill was brought with the consent of the department
so we may infer that the date of filing the bill was within
the time specified by the department for the commence-
ment of proceedings to enforce the lien. No time limit is
fixed in c. 118A, § 4, for filing a bill to enforce the lien such as
is imposed by c. 118A, § 4A, for the beginning of an action
of contract to recover money advanced for old age assistance.
We do not think that the limitation imposed in c. 118A,
§ 4A, may be read into c. 118A, § 4.

There is apparently no dispute that the lien was duly
created and became a charge upon the real estate of the
recipient for any assistance granted after January 1, 1952.
St. 1951, c. 801, § 4A. The defendant admits it to be due
and is ready to pay it.

The defendant did not receive the proceeds of the sale
until sometime after September 22, 1952, and this bill was
filed on August 26, 1953, less than a year thereafter. We
think it enough if a bill to enforce the lien is brought within
a reasonable time after the death of the recipient and that,
in the circumstances in the case at bar, the bill was season-
ably brought.

A decree is to be entered ordering the defendant, as

executor of the will of Ella Porter, to pay the plaintiff the sum of $941.67 with interest from the date of the filing of the bill.

·      *So ordered.*