ALICE M. MARTIN *vs.* CITY OF WALTHAM.

Suffolk. February 6, 1963. — May 7, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Old Age Assistance. Public Welfare. Lien. Tenants by the Entirety. Real Property,* Tenancy by the entirety, Lien.

Under an instrument of lien recorded by a city pursuant to G. L. c. 118A, § 4, against real estate then owned by husband and wife as tenants by the entirety, there was at the death of the wife and for a reasonable time thereafter a valid and enforceable lien on the property for old age assistance furnished to her where she had survived her husband.

BILL IN EQUITY filed in the Land Court on December 22, 1960.

---

The suit was heard by *McPartlin*, J.

*William J. Bannan, Jr.*, City Solicitor, for the defendant.

*John C. Collins* for the plaintiff.

REARDON, J.   The plaintiff through her bill filed in the
Land Court seeks to remove a cloud on the title of land at
60 Parmenter Road in Waltham owned by her, which she
took by devise under the will of Josephine C. Martin, her
stepmother.   The case is here on appeal by the defendant
city of Waltham from a final decree of that court declaring
null and void a certificate of lien filed by the city against
Josephine C. Martin under G. L. c. 118A, § 4.

The facts are these.   Edmund J. Martin and Josephine
C. Martin were married on October 4, 1914.   Josephine C.
Martin took title to the premises on July 17, 1925.   On
August 14, 1951, she conveyed her title to the plaintiff who
on the same day gave a quitclaim deed of the premises to
Edmund J. Martin and Josephine C. Martin as tenants by
the entirety, both deeds being recorded.   On August 20,
1951, they applied for old age assistance and thereafter re-
ceived it.   Edmund J. Martin died on November 13, 1956.
From January 1, 1952, until her death on July 29, 1959,
Josephine C. Martin received total benefits of $8,962.37.
On April 10, 1952, the city of Waltham filed a certificate in
the Middlesex South District registry of deeds in accord-
ance with G. L. c. 118A, § 4, giving notice of its lien upon
the premises for the amount of assistance granted and to
be granted by it under c. 118A to Josephine C. Martin.
Her will, which named the plaintiff as executrix, was ad-
mitted to probate on September 23, 1959.   The plaintiff
filed this bill on December 22, 1960.

The validity of the city's lien is clear under *Osborne* v.
*Lancaster*, 345 Mass. 164, decided after the decree in this
case was entered in the Land Court.   It was there held
that the interest of a wife in a tenancy by the entirety dur-
ing coverture was sufficiently substantial to subject it as
"an interest in real estate" to a lien imposed under G. L.
c. 118A, § 4, which might be enforced following the death of
the husband.   A suit to enforce the lien may be brought

within a reasonable time after the death of the recipient. *Haverhill* v. *Porter,* 333 Mass. 594, 598. In our opinion this time had not expired when the plaintiff filed her bill. We hold the lien of the city to be valid and enforceable under the terms of G. L. c. 118A, § 4.

*Decree reversed.*