ELBRIDGE G. BENNETT, in Equity,

*vs.*

EDGAR H. BENNETT, Administrator.

Cumberland. Opinion November 25, 1899.

*Limitations. Equitable Relief. R. S., c. 87, § 19.*

The relief authorized by R. S., chap. 87, § 19, is exceptional, and is to be granted only when the creditor fully proves, not only the justice and equity of his claim, but also that he is not responsible for the delay.

*Held;* in this case no good lawful reason is shown for the delay.

See *Bennett* v. *Bennett*, 92 Maine, 80.

IN EQUITY. ON EXCEPTIONS AND APPEAL BY DEFENDANT.

The case appears in the opinion.

*M. P. Frank and P. J. Larrabee*, for plaintiff.

*Geo. Libby*, for defendant.

SITTING:  EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

EMERY, J.  The plaintiff and the defendant's intestate were business partners.  The defendant was appointed administrator of his intestate's estate in February, 1889, and he gave the usual notice of his appointment.  In the next month, March, 1889, the plaintiff was qualified and authorized as surviving partner to administer the partnership estate and affairs.  He did not close that administration and present his final account for allowance until March, 1896.  This account, as finally allowed in November, 1896, showed the partnership to be indebted to him in the sum of $1015.81.  He brought an action at law for one-half this sum, or $507.90, against the defendant, but the court held the action was barred by the statute of limitations in favor of executors and administrators.  See *Bennett* v. *Bennett*, 92 Maine, 80.

He now brings this bill in equity to obtain the relief authorized by R. S., c. 87, § 19, viz:  " If the supreme judicial court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by the preceding sections, is of opinion that justice and equity require it, and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person; but such judgment shall not affect any payment or distribution made before the filing of such bill."

This statute, first enacted in Maine in 1883, is almost a verbatim copy of the Massachusetts statute enacted in 1861, the language of which had several times received a judicial interpretation from the court of that state before it was adopted in this state in 1883.  It is to be presumed that, in adopting the language thus interpreted, the legislature used it in the sense already judicially declared to. be its true sense and meaning.  *Rutland* v. *Mendon*, 1 Pick. 154; *Purrington* v. *Dunning*, 11 Maine, 174.

The Massachusetts court held speed of administration and early discharge of the executor and administrator from liability to suit to be the worthy purpose of the statute of limitations in their favor,

and hence that the relief to be granted in equity was exceptional only. The court also held that both conditions of the statute in question must be complied with,— that it was not enough for the plaintiff to show that he had a valid claim against the estate, a claim good in "justice and equity," but that he must further show that he was not "chargeable with culpable neglect in not prosecuting his claim within the time so limited." "Culpable neglect" was held to be not criminal neglect, but any neglect that was "censurable," "blameworthy," "the neglect which exists when the loss can fairly be ascribed to his (the plaintiff's) own carelessness, improvidence or folly," "failure to make reasonable inquiry." See *Waltham Bank* v. *Wright*, 8 Allen, 121, where it was held that it was culpable neglect in the plaintiff to delay the enforcement of his claim on the oral promise of the administrator to pay it out of a particular fund. *Jenney* v. *Wilcox*, 9 Allen, 245, where it was held to be culpable neglect for the plaintiff to delay at the earnest request of the executor to wait until he could realize from certain property, and upon his earnest assurance that the claim should certainly be paid. It was also held in this case that ignorance of the special limitation in favor of executors and administrators was culpable neglect. In *Wells* v. *Child*, 12 Allen, 333, the creditor was a woman living in another state. She seasonably sent her claim to the executors, who acknowledged its validity and assured her that it would be paid as soon as they could sell some real estate, which would be soon, and that no further proceedings were necessary on her part. Relying upon these assurances she brought no action within the limitation. Afterwards, finding out that the executors had not applied for license to sell real estate, she applied for relief in equity. *Held;* that she had been culpably negligent, and relief was denied. The court said that in administering this statute the court should not exercise an arbitrary or capricious discretion governed only by an opinion as to the hardship of the particular case, but should be guided by the rules and principles of equity jurisdiction as settled by a long series of adjudications. In *Sykes* v. *Meacham*, 103 Mass. 285, the creditor lived in Montreal and was unaware of the death of his debtor,

and of the appointment of the administrators until after the two years limitation.   One of the administrators knew of the claim of the Montreal creditor, but sent him no notice of the death or appointment.   The creditor applied for relief under the statute, but the court dismissed his bill with costs, saying:   " The object of the statute was to protect the estates of deceased persons and insure their speedy settlement without embarrassment from creditors who slumber upon their rights and take no pains to inform themselves of facts as to which information is easily to be obtained. . . . .   In this case there is no misrepresentation, and the only mistake is the  failure  to  know  a  fact  about  which  he  made  no inquiry."

Recurring  now  to  the  evidence  in  the  case  before  us, we  find that  the  partnership  estate  was  a  small  one,  consisting  of  real estate valued at $2225, and goods and chattels valued at $117.65. The  liabilities  of  the  partnership  over  its  assets  turned  out  to  be only  $1015.81.    Though  the  plaintiff  was  qualified  as  surviving partner  in  March,  1889,  he  does  not appear  to  have  taken  any steps  to  sell  the  real  estate  till  May,  1890.    He  does  not  appear to  have  obtained  any  license  until  January  20,  1892,  and  even then  he  made  no  sale  under  it.    He  presented  no  account  for allowance  until  July,  1893,  and  only  after  two  citations  therefor at  the  instance  of  the  administrator.    He  did  not  present  his  final account  till  March,  1896.    Thus  he  protracted  for  seven  years  or more  the  administration  of  a  partnership  estate  where  the  assets were  mainly  real  estate  and  less  than  $3000,  and  the  total  liabilities  not  over  $4000.    While  he  says  he  did  the  best  he  could  and tried  to  close  up  the  estate  by  negotiations,  etc.,  he  utterly  fails  to point  out  any  unusual  difficulty.    No  litigation,  nor  even  dispute, is  shown  between  the  partnership  and  its  creditors  or  debtors.    No obstacles  were  put  in  his  way  by  the  administrator  or  heirs  of  the deceased  partner.    On  the  contrary  they  were  anxious  for  him  to proceed  more  rapidly.    The  administrator  twice  cited  him  to present  accounts  for  settlement,  and  with  the  heirs  signed  an  agreement  for  the  conveyance  of  the  partnership  real  estate  by  him.

We are constrained to believe fully, notwithstanding the finding

of the justice of the first instance, that the delay of which the plaintiff complains, and from the consequences of which he asks to be relieved, was the result of his own inattention, want of diligence, and lack of proper effort,—that is, of his own "culpable neglect." To hold otherwise would be to practically nullify the statute of limitations and indefinitely prolong the administration of estates.

<em>Decree below reversed.</em>
<em>Bill dismissed with costs.</em>