Lamneck, J.
Thaddeus S. Neeriemer died intestate on April 23, 1932, and on April 30, 1932, Mary E. Cribbs was appointed administratrix of his estate. On November 19, 1932, the administratrix, after having collected two insurance policies as administratrix of the estate, filed a claim in this court against the estate in the amount of $410.23, claiming that she had paid the premiums on one policy of insurance at the rate of 15 cents per week from April 29, 1907 to the date of death of the decedent less a few small credits, and on another at the rate of $7.63 quarterly from May 2, 1924 to February 29, 1932.
Two creditors whose claims had been allowed by the administratrix and reported in the schedule of debts in the regular way filed answers in the proceeding and objected to the allowance of the claim because it had not been presented to the court within the time required by Section 10509-106, General Code.
Assuming that the administratrix had paid the premiums as alleged and that no other statute of limitation applied in this case, was this claim barred by Section 10509-106, General Code?
The pertinent part of this section reads as follows:
“An executor or administrator within three months after the date of his appointment shall present any claim or claims which he may have against the estate to the probate court for allowance, and such claim shall not be paid unless allowed by the court.”
The statute further specifies who shall be made parties, and to whom and how notice shall be given.
It is substantially the same as former Section 10728, General Code, and former Section 6100, R. S., except that part quoted above, which is all new matter.
*31 When this section was carried as a Revised Statute, it was held “that a proceeding by an executor (or administrator) for the allowance of a claim which he owns himself, is an action or suit in his behalf, and so far as that proceeding is concerned, he is not the executor (or administrator) of the estate.” (In re Ward, 21 O. C. C. 753, 12 O. C. D. 44.)
If such a proceeding is “an action or suit against the heirs, legatees or devisees of the decedent interested in the estate,” including interested creditors, then the time specified within which such proceeding must be brought is a statute of limitation.
Before a time limit was inserted in this section, it was held that such a proceeding was subject to the general statutes of limitation as well as to the special statutes relative to prosecuting suits against an executor or administrator. (In re Ward, supra.)
It therefore appears to be the plain intent of the' legislature, in inserting a time limit in this section, to make a new limitation of three months from the date of the appointment of the executor or administrator within which to prosecute such “an action or suit,” rather than have the general statutes apply.
A statute of limitation can not be waived when a case is clearly brought within its provisions. (Carpenter v. Canal Co., 35 O. S. 307), unless there is an express statute making an exception (Hunter v. Insurance Co., 73 O. S. 110). We know of no provision which would waive the time limit under the state of facts presented in this case. It may not be necessary to present a claim based on a lien on real estate, on chattel liens, etc., because such a lien could be pleaded in the proceeding to sell the real estate, or chattels, (Ambrose v. Byrne, 61. O. S. 146, 55 N. E. 408), but no such situation obtains in this case.
Neither does Section 10509-134, General Code, provide an exception, because under its provisions no claim can be presented after the time limit where the claimant has been guilty of “culpáble neglect” in failing to present his claim. Culpable neglect means such neglect in enforcing one’s own rights as can fairly be ascribed to carelessness, *32 improvidence, or folly. (Bennett v. Bennett, 93 Me. 241, 44 Atl. 894.) The administrator in this case knew of the death of the decedent, knew of the estate being administered, and what the assets of the estate amounted to. Consequently, the only reason that could be given in not presenting it within the time limit would be ignorance of the law. A person who does not become informed as to what the law is in a matter in which he has a pecuniary interest is guilty of carelessness. Every person must be taken to be cognizant of the law, or otherwise there is no saying to what extent the excuse of ignorance may not be carried. (Black’s Law Dictionary).
Courts in other states whose laws require that the claim of an executor or administrator must be presented to the court for allowance have held that the statute of limitation bars suit on the claim if not presented within the time limit. (See In re Long, 100 Pac. 892 and In re Rodger, 217 Pac. 678.)
The claim of the administratrix will, therefore, be disallowed.