**WEIMER et, ESTATES OF, In Re**

Ohio Probate Court, Montgomery Co

Decided April 13, 1937

Taft, Stettinius & Hollister, Cincinnati, and Wm. P. Patterson, Dayton, for petitioners.

H. P. Williamson, Dayton, and A. P. Mercer, Dayton, for Third National Bank & Trust Co., Exr. of Estate of Geo. W. Weimer.

James & Coolidge, Dayton, for the executor of Estate of Alexander G. Reed.

H. L. Ferneding, Dayton, for the Executor of Estate of C. J. Ferneding.

### OPINION

By WISEMAN, J

This matter is presented to the court on the petition of five creditors on their own behalf and on behalf of all other creditors of the Southern Minnesota Joint Stock Land Bank of Minneapolis, and the receiver for creditors of said bank, for the reinstatement of a claim founded upon the statutory liability of a stockholder in said bank, as provided for by Federal Farm Loan Act (U.S.C.A. Title 12, Chapter 7, §812), said liability amounting to a sum equal to one hundred per cent of the par value of the stock so held. The petitioners alleged that they failed to present their claim to the fiduciary of said estate for allowance within the time prescribed by law.

Inasmuch as the same issue arises in each of the estates it was agreed by coun-

sel and the court that these cases be considered together. For the purpose of clarity the court will proceed to decide the issue as it arises in the estate of George W. Weimer.

This proceeding falls within the provisions of §10509-134, GC, which provides for the reinstatement of a barred claim. The petitioners claim that they have presented facts sufficient to justify the court in finding that justice and equity requires the court to make an order permitting the petitioners to file their claim for allowance, and that the petitioners are not chargeable with culpable neglect in failing to present their claim within the time prescribed by law. It is contended on behalf of the estate that the petitioners in failing to present their claim within the time prescribed by law, have been guilty of culpable neglect.

The essential facts may be briefly stated as follows: The Federal Farm Loan Board on May 2, 1932, declared the Southern Minnesota Joint Stock Land Bank of Minneapolis to be in default of its obligations and to be insolvent. On the same date a receiver for the bank was appointed. The petitioning creditors herein were appointed members of a committee as trustees for the depositors. Pursuant to authority granted, the petitioners herein on July 28, 1932, filed in the United States District Court, District of Minnesota, Fourth Division, a bill in equity on their own behalf as trustees for the depositing bondholders and on behalf of all other creditors of the bank, seeking to obtain an assessment against each stockholder of the bank to the extent of the liability to which he might be subjected. Due to extended litigation, the court did not make a finding in this case until April 3, 1935, on which date the court rendered a finding of facts and conclusions of law that the bank was insolvent; that the amount of its liabilities exceeded the value of its assets by more than the par value of the capital stock outstanding, and that the necessity had arisen for the enforcement of the statutory liability of the stockholders to the maximum limit thereof. On April 20, 1935, there was entered a decree based upon the finding of facts and conclusions of law referred to, by which an assessment was levied upon all stockholders of the bank equally and ratably, and not one for another, in the amount of one hundred per cent of the par value of the stock held by each stockholder on the 2nd day of May, 1932. The decree also charged the receiver for the bank with the express duty of collecting the payments from stockholders, maintaining custody of the fund created, and disbursing it under order of the court.

The records of this court disclose the following facts: that George W. Weimer died on February 10, 1933, and on March 1, 1933, the Third National Bank and Trust Company was appointed executor of his estate; that Alexander G. Reed died on March 22, 1934, and on April 9, 1934, Lucy Carr Reed was appointed executrix and Walter Carr was appointed executor of his estate; and that C. J. Ferneding died on June 29, 1931, and on July 25, 1931, H. L. Ferneding and T. A. Ferneding were appointed executors and Marie F. Keve was appointed executrix of his estate. At the time of the death of these decedents, each owned stock in the Southern Minnesota Joint Stock Land Bank of Minneapolis. It will be observed that each decedent died and the personal representatives were appointed more than four months prior to the entry of the decree of assessment in the creditors' proceeding in the United States District Court in Minnesota.

After the levy of the assessment against the stockholders by the United States District Court in Minneapolis, separate suits were instituted in the Common Pleas Court of Montgomery County, Ohio, against the estate of each deceased stockholder. These suits were filed on June 19, 1935, wherein the five petitioning creditors in the instant case were named as plaintiffs. The receiver for the bank was named as a defendant in each of these suits, and on the same day the receiver filed an answer and cross-petition wherein the same claim was set forth. It will be observed that the suits filed in the Common Pleas Court of Montgomery County, Ohio, were filed within two months after the decree was entered in the creditors' suit in the United States District Court in Minneapolis.

The court finds that the cause of action accrued in favor of the petitioners on April 20, 1935, on which date the United States District Court in Minneapolis found that the necessity had arisen for the enforcement of the statutory liability of the stockholders and thereupon levied an assessment upon the stockholders for their liability. (King v Pomeroy, 121 Fed. 287; Goss v Carter, 156 Fed. 746; Bernheimer v Converse, 206 U. S. 516; Wheeler v Greene, 280 U. S. 49; Drain v Stough, 87 A.L.R. 490).

In each of the three actions filed in the Common Pleas Court of Montgomery Coun-

ty, Ohio, demurrers were filed to the petition and the answer and cross-petition. Since the issues in each case raised the same question, the proceedings against the Reed and Ferneding estates were not pressed, and were permitted to remain in statu quo pending the determination of the questions raised in the Weimer case. Among the questions raised by those demurrers was that of the necessity for alleging in the petition a presentment of the claim to the fiduciary and a rejection by him prior to the commencement of the action. The Common Pleas Court held that the claim being one which had accrued more than nine months after the appointment of an executor, it fell within the operation of §10509-144 GC, and that no allegations of presentation or rejection were necessary. An appeal was taken from the judgment of the Common Pleas Court to the Court of Appeals of Montgomery County. The Court of Appeals held that §10509-112, GC, which is the general section requiring the presentation of claims to the fiduciary, applied to the claim involved, and that a defect appeared in the pleadings by reason of the lack of allegations of presentment within four months after the appointment of the fiduciary or of the reinstatement of the claim under authority of §10509-134, GC. The opinion of the Court of Appeals was rendered on June 19, 1936. A motion to certify was filed in the Supreme Court, which was denied on December 16, 1936. On February 3, 1937, petitions seeking the reinstatement of their claims under authority of §10509-134, GC, were filed in each of these estates in this court.

During the time the case which the petitioners filed in the Common Pleas Court was being litigated in that court and in the Court of Appeals, §10509-144 GC was repealed, effective September 2, 1935. The only remedy, other than under the reinstatement sections, given to a creditor whose claim did not accrue until after nine months after the appointment of the fiduciary, is found in §§10509-148 to 10509-151, GC, inclusive, which cannot be invoked by the plaintiffs in the instant cases for the reason that the claims are disputed and under §10509-149, GC, the six months period within which the claimants could bring actions therein has expired.

The express language of §10509-134 GC requires the court, before permitting the petitioner to file his claim for ██ allowance, to find, first, that in justice and equity the court should permit the claim to be filed,

and second, that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed. The court does not find any facts in the record which would justify it in making any other finding except that justice and equity does require these claims to be filed for allowance. The decedents were owners of stock in the bank at the time of their death, and since █ an assessment has been duly made on all the stockholders, the court is of the opinion that justice and equity requires the decedent stockholders to share their liability with all other stockholders, if any liability exists.

The more important question for the court to consider is whether or not the petitioners are chargeable with culpable neglect. In the case of **Cribbs v Starman et, 32 N.P. (N.S.) 29,** the term "culpable neglect" was defined to mean such neglect in enforcing one's own rights as can fairly be ascribed to carelessness, improvidence, or folly. This case cited Bennett v Bennett, 93 Me. 241, 44 Atl. 894, in support of this statement of the law. In that case it was pointed out that the statute in the state of Maine had been taken from a similar statute in the state of Massachusetts, in which jurisdiction " 'culpable neglect' was held to be not criminal neglect, but any neglect that was 'censurable', 'blameworthy', 'the neglect which exists when the loss can fairly be ascribed to his own carelessness, improvidence, or folly,' 'failure to make reasonable inquiry'."

In the case of Sykes v Meacham, 103 Mass. 285, the court in commenting on a similar statute held:

"The object of the statute was, to protect the estates of deceased persons, and insure their speedy settlement, without embarrassment from creditors who slumber upon their rights and take no pains to inform themselves of facts as to which information is easily to be obtained."

Are the petitioners chargeable with "culpable neglect" as the term has been defined by the courts of Maine, Massachusetts and Ohio? What was their conduct following the decree in which an assessment for stock liability was levied by the United States District Court in the state of Minnesota? What legal steps did the petitioners take to assert the claim against the estates of the decedents? At the time the petitioners filed their suit in the Common Pleas Court of Montgomery County, Ohio, §10509-144, GC

(since repealed) was in effect, which provided that a creditor whose cause of action accrued before the estate was fully administered and after the expiration of nine months following the date of the appointment of the fiduciary, may begin and prosecute an action within two months after the claim accrued. The petitioners proceeded to prosecute their action under this section, and the Common Pleas Court sustained the petitioners in their contention, and held that this section applied, and that §10509-112 GC did not apply for the reason that the claim of the petitioners did not accrue until the United States District Court in Minnesota levied an assessment, which was April 20, 1935, which date in all of these estates was more than four months after the fiduciaries were appointed. The court held that the petitioners could not fulfill the requirements of §10509-112 GC since their claim did not accrue until after the time within which claims shall be presented to the fiduciary had expired. The court held that the petitioners need not allege or prove presentment of their claim to the fiduciary and a rejection thereof, before maintaining a suit on the claim. The Court of Appeals in an unreported decision in the case of George C. Holmberg et v Third National Bank & Trust Co., Exr. of Estate of George W. Weimer, deceased, No. 1397, reversed the Common Pleas Court and held that §10509-144 GC did not apply, but that §10509-112 GC did apply and required the petitioners to allege and prove a presentment of the claim to the fiduciary and a rejection thereof before maintaining an action thereon. The Court of Appeals followed and cited with approval the case of **State ex Fulton, Supt. of Banks v Bremer, Admrx., 130 Oh St 227, 4 O.O. 242,** and also the case of **Beach, Receiver v Mizner, Exr., 131 Oh St 481, 6 O.O. 155.** In the case of Fulton v Bremer the Supreme Court held:

"Where a claim for the super-added liability is presented by the superintendent of banks to the personal representative of a decedent for allowance, and such personal representative rejects such claim and the superintendent of banks does not within two months thereafter commence his suit for recovery against such personal representative, he is forever barred from maintaining an action thereon, as provided by §10509-133, GC."

In the case of Beach v Mizner, the Supreme Court held:
"1. Secs 10509-112 and 10509-134, GC (114

Ohio Laws 320), must be construed together
"2. These sections are statutes of limitation (or non-claim statutes) which bar creditors' claims unless presented to an executor or administrator within four months after the date of appointment.
"3. A barred claim may be reinstated and presented to an executor or administrator upon leave first obtained from the Probate Court in the manner provided in §10509-134, GC."

We may review with some profit the principle of law applied to such a situation in other states. It has been held in several jurisdictions that a claim against the estate of the decedent for the amount of an assessment levied after the expiration of the period for the presentation of claims to fiduciaries, need not be presented to the fiduciary before maintaining a suit, and the so-called non-claim statute does not operate as a bar.

One of the leading cases in support of this proposition is Drain v Stough, 87 A. L.R. 490, which arose in the United States District Court in the state of Washington, in which the United States Circuit Court of Appeals, Ninth Circuit, on November 7, 1932, held:

"A statute barring all claims against a decedent unless presented to his executor or administrator within a certain period does not operate to require presentation within such period of a claim against the estate for the amount of an assessment levied after the expiration of the period by the Comptroller of the Currency upon the stockholders of a national bank for which a receiver was appointed subsequent to the decedent's death, but before the expiration of such period."

This principle of law was also followed in the case of Tierney v Shakespeare (1930) 34 N. M. 401, 284 Pac. 1019; Hirning v Kurle (1929) 54 S. D. 334, 223 NW 212.
In 87 A.L.R., page 494, in a footnote, it is stated:
"The later decisions, as well as those cited in the earlier annotations, have for the most part taken the view that a claim for the stockholders superadded statutory liability is not barred by failure to present it within the period of a nonclaim statute, where the liability does not become absolute until after the running of the statute."

It will be observed, however, that in most instances these cases turn upon a statutory

provision which requires a notice of the appointment of a fiduciary to be published, in which notice is given requiring all persons having "claims against the deceased" to serve the same on the executor or administrator within a certain specified time, under penalty of having the claim barred if not so filed. We have no similar section on notice of appointment in Ohio. §10509-6, GC, which provides for the publication of notice of appointment, does not require notice to be given specifically to creditors.

This same proposition of law was discussed and disposed of in the case of Fulton v Bremer, supra, which may have given rise to the statement which has aroused considerable interest in this state since this opinion has been rendered, to the effect that "there is no law of Ohio making it mandatory on a claimant against a decedent's estate to present his claim for allowance before entering suit". The opinion, however, does not sustain this contention as a proposition of law.

The Court of Appeals in the case of Holmberg et v Weimer Est., supra, held:

"We believe that such presentment is necessary and that a petition or cross-petition which does not carry such an averment is bad on general demurrer."

The Court of Appeals quoted with approval the proposition of law laid down in the case of Fulton v Bremer, supra, and made the following comment:

"We take it that this language applies with all of its force to the case at bar. The action here is one for the benefit of creditors. If brought by them, the claim must be presented to the executor for allowance. We do not believe that the District Court of Minnesota, by action designating a receiver to proceed to collect this liability on behalf of the creditors, can invest that receiver with rights under the Ohio law which the creditors for whom he acts did not already possess. In other words, the procedural steps which the receiver must take in the Ohio courts, can be no less than those which are required of the same creditors whose interests he represents. In our judgment this claim should have been presented to the eexecutor defendant for allowance before this action was instituted."

The Supreme Court overruled a motion to certify, and thereby in effect approved the proposition of law laid down by the Court of Appeals.

In the case of Sanders v Merchants State Bank (1932), 349 Ill. 547, 182 NE 897, it was held:

"That claims of creditors of a state bank against the estate of a stockholder thereof were barred if not presented within a year after the death, although such death occurred more than three years prior to the failure of the bank. The majority of the court took the view that failure to present the claim within a year could not be excused on the theory that it was merely contingent during the period of administration, and was not an obligation of the estate." (Annotation, 87 A.L.R. page 495).

After a careful consideration of the principle of law laid down by the Supreme Court of Ohio in the case of Fulton v Bremer, supra, and Beach v Mizner, supra, and, also, by the Court of Appeals of Montgomery County in the case of Holmberg et v Weimer Est., supra, this court is of the opinion that Ohio is now definitely committed to the proposition of law stated in the Illinois case, but prior to the announcement of these opinions by our Ohio courts the law in Ohio applicable to a situation such as is presented in the instant case, was very vague and uncertain.

The court has reviewed at some length the law applicable to the situation in the instant cases since it had a bearing on the conduct of the petitioners after their right of action accrued.

In view of the uncertainty of the law in Ohio relative to the rights of the plaintiffs in this case, in prosecuting their claims against the estates of the decedent defendants, can it be successfully claimed that they were guilty of "culpable neglect" in failing to present their claims within the time prescribed by law? The court finds that the record does not disclose carelessness, improvidence or folly on the part of the plaintiffs. The court does not find their conduct to be censurable or blameworthy. The court does not find that they proceeded expeditiously to assert their legal rights against the defendants. The fact that they were unsuccessful in securing a judicial decision to sustain their contention relative to the law in Ohio, does not justify the court on that ground in finding them guilty of culpable neglect. The court wishes to point out that the "culpable neglect" as used in §10509-134 GC, refers to the neglect of the creditor "in failing to

present his claim within the time so prescribed." which can only mean the neglect of the creditor to present his claim within four months of the date of the appointment under §10509-112 GC. The record in this case discloses that the claim of the plaintiffs did not accrue until after the expiration of the four-month period. How then can it be claimed that the plaintiffs were guilty of culpable neglect in failing to present their claim within four months, when as a matter of fact the claim did not accrue within the four-month period? The culpable neglect referred to in this section does not refer to any neglect which may be charged to the creditor in failing to present his claim at an earlier date than it was actually presented, after the four-month period had expired, but a failure to present it within the four-month time limitation.

Therefore, this court is of the opinion that the record in this case justifies the court in holding that the plaintiffs are not chargeable with culpable neglect in their failure to present their claims within the time prescribed by law, and that justice and equity requires that the plaintiffs be permitted to file their claims for allowance.

The facts in the estate of Alexander G. Reed being practically the same, with the exception that the date of death and the date of the appointment of the fiduciary occurred later, the same principle of law would apply in that case.

A different situation arises in the estate of C. J. Ferneding, which should be noted. Death occurred June 29, 1931, and the appointment of the fiduciaries was made on July 25, 1931, which was more than four months prior to the effective date of the new Probate Code, to-wit: January 1, 1932. The right of a creditor to present his claim to the fiduciary and also his right to invoke the benefit of the statute relative to the reinstatement of a barred claim, ·is a procedural matter. Therefore both the petitioners and the estate of C. J. Ferneding are bound by the provisions of the new Probate Code relative to the reinstatement of a barred claim.

The court does hereby make an order permitting the petitioners to file their claims with the fiduciaries in each separate estate for allowance. Counsel will draw the proper entry.